VAN BRUNT, P. J.
— This action was brought to recover damages for an alleged libel. Among other defenses, the defendant set up that at the time of the commencement of this action, and at the time of the service of the answer, there was pending in the superior court of the city of New York an action between the same parties, and for the same cause as that set forth in the complaint herein. Upon the trial it appeared that the plaintiff had consulted one William H. Mundy, an attorney, in reference to her' rights in respect to such libel, and by her reply she admitted that she gave him authority to represent her in legal proceedings against the defendants. But she testified that, before the summons was served in the case at bar, she wrote to said attorney, revoking his authority, and that upon the next day he cálled upon her, and told her that she had no right to discharge him, and that after receiving her letter he had gone to his office and served the summons (referring to the summons in the action in the superior court.) 0 This was in July, 1892. She testified that at that interview the attorney asked her to sign a cqmplaint; that she refused to sign the complaint, and told him that, if he would give her his bill, she was through with him, and wanted to have nothing more to do ■ with him. She also testified that she never authorized him to bring an action or to serve a summons or complaint in her name against the defendants in the superior court, or in any other court. Subsequently the complaint in the superior court action was served, and the defendants answered in August, 1892. On the 6th of October, 1892, this action was commenced in the supreme court by the service of a summons. On the 15th of October, 1892, the issues joined in the superior court action were noticed -for trial. On the 18th of November, 1892, the complaint in this action was served. On the 31st of December, 1892, the answer was *79 served; setting up, among other things, the pendency of the action in the superior court, and the reply of the plaintiff on the 17th of January, 1893.
It is urged that the pendency of the action in the superior court was no defense to this action, because such action was commenced, not only without the authority of the plaintiff, but against her express command, It has long been the settled rule in this state that the appearance of an attorney who is claimed to have acted without authority cannot be attacked in any collateral proceeding, and that such appearance is binding. The only method in which a party may seek relief from such unauthorized appearance is by direct application in the action. Brown v. Nichols, 42 N. Y. 26. This rule has been recognized in many other cases. Vilas v. Plattsburgh & M. Railroad Co., 123 N. Y. 440, 34 St. Rep. 67; Washbon v. Cope, 144 N. Y. 288; 63 St. Rep. 716. In the latter case the court says:
“ It has been settled by an unbroken line of decisions in this state, running many years back, that—unless under some peculiar and extraordinary circumstances, not existing in this action—the objection that a party was not served, and an appearance by an attorney in a court of record was unauthorized, and hence that the judgmemt was without jurisdiction, cannot be taken in a collateral proceeding or action, but the party is confined to a motion in the original action, in order to obtain reliefand citing cases.
So in the case at bar the defendants had a right to rely upon the pendency of the action in the superior court; and, if the plaintiff desired to relieve herself because of the alleged unauthorized commencement of that action, she was bound to move in the superior court, and there obtain relief. The plaintiff knew of the commencement of the action in the superior court upon the day after it had been begun, and that a complaint would be served, and she took no steps whatever to set aside this alleged unauthorized action of her attorney. The defendants were required to answer in that action, or a judgment would have been taken against them by default. It was not for them to challenge the authority of the attorney. The attorney is an officer of the court, and is presumed to act with authority; and a litigant who knows of unauthorized action on the part of an attorney claiming to act for him is bound to see that he is relieved from the presumptions which necessarily arise from the bringing of an action by an attorney.
Our attention is called by the respondent to the case of Allen v. Stone, 10 Barb. 547, which, instead of supporting the claim advanced by her, seems to be an authority in favor of the proposition above established. It it held in that case that where a process is served upon a party, and there is an appearance by an unauthorized attorney, the party will not be relieved, even if the attorney is responsible. The question, however, determined in that case, was that where a person had commenced a suit before a justice, in the name of another, pretending to be the assignee of a claim in favor of the latter against the defendant, and" had appeared as attorney for the nominal plaintiff on the trial, falsely swearing to *80 his authority to do so, and, on appeal by the defendant, had retained an attorney to appear for the respondent, and afterwards to defend a writ of error, the nominal plaintiff was not bound by the-acts of the attorney until after he had notice of the suit. In the case at bar the plaintiff had notice of the suit the day after it was begun. The case of Pulver v. Harris, 62 Barb. 500, also cited by the respondent, held only that upon an application in the action an attorney had no right .to prosecute it against the wishes and without the authority of his client, on the ground of his being the assignee or equitable owner of the'cause of action. This case was affirmed by the court of appeals. 52 N. Y. 73. It would seem, therefore, that the proceedings of the attorney could not be attacked in this collateral manner. The plaintiff had prompt notice of the commencement of the suit, and the defendants were, required to answer, or a judgment would have been taken against them by default and, when the defense of the superior court action was set up by the answer of the defendant, the plaintiff took no proceedings whatever to get rid of that action. Consequently, at the time of the trial of this action the defense was a good one, and the, defendant’s motion’ for a dismissal of the complaint should have been granted. '
The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellants, to abide the event.
All concur.