(55 Misc. Rep. 235)

PARK et al. v. REGAN et al.

(Supreme Court, Appellate Term. June 27, 1907.)

1. APPEARANCE—UNAUTHORIZED APPEARANCE BY ATTORNEY—EFFECT.

An unauthorized general appearance by an attorney for a defendant in the Municipal Court confers on the court jurisdiction of the person of defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appearance, § 68.]

2. JUDGMENT—VACATING—TIME FOR APPLICATION.

A defendant not served with process learned in October, 1906, of a judgment against him based on the unauthorized general appearance of an attorney. During the same month execution was issued on the judgment and returned unsatisfied. In April following he appeared without objection in supplementary proceedings. Held, that a motion thereafter made by him to vacate the judgment on the ground that the court had not obtained jurisdiction of his person was properly denied, because of his failure to act promptly.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 736.]

COURTS—MUNICIPAL COURTS—APPEAL—TIME TO TAKE.

An appeal taken in May from a Municipal Court judgment regularly entered in October preceding is taken too late.

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by Samuel J. Park and others against James Regan and another. From a judgment for plaintiffs, and from an order denying the motion of defendant Archibald A. Hadden to set aside the judgment, he appeals. Appeal from judgment dismissed, and from order affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Max S. Levine, for appellant.

Reid, Esselstyn & Ketcham (J. Ard Haughwout, of counsel), for respondents.

PLATZEK, J. The facts in this case are undisputed, and so far as they are material to the determination of this appeal are as follows: The record shows that on the return day of the summons the defendants appeared by one Hertz, an attorney and counselor at law, who filed an answer, signed by him as attorney for the defendants and verified by the defendant Regan. The case was adjourned from time to time, until October 1, 1906, at which time neither defendants nor their attorney appeared, and an inquest was taken by the plaintiffs, and a judgment rendered against the defendants. Thereafter a transcript of said judgment was filed in the county clerk's office, and an execution issued thereon, which was returned unsatisfied. An order for the examination of the defendant Hadden in proceedings supplementary to execution was obtained and service made on April 12, 1907. On April 16, 1907, the defendant Hadden obtained an order requiring the plaintiffs to show cause why the judgment should not be vacated and set aside, upon the ground that the court "has never obtained jurisdiction of the person of the defendant Hadden, and the defendant claims never to have been served by any issue of this court requiring him to appear and answer." This order was based upon an affidavit, verified by the defendant Hadden, in which he testifies, among other things, that he was never served with any process in this action and never appeared therein, and that he never authorized Hertz, who filed the answer, to appear for him, and that the answer was filed without his authority or knowledge. Hertz also made an affidavit, swearing that he was retained by the defendant Regan only, that he did not know Hadden, never had authority to appear for him, and that he dictated the answer to his stenographer, who evidently acted under the belief that he (the attorney) appeared for both defendants. The defendant Regan also testified in an affidavit that he is not and never was the partner of Hadden, and that he employed Hertz for himself alone. This motion was heard in the court below, and on April 13, 1907, an order was entered which contained the usual preliminary recitals, and then the following:

"Ordered that the motion to vacate and set aside the judgment herein against the defendant Hadden be and the same is hereby denied. And it is further ordered that the motion to open the default against the defendant Hadden be the same is hereby denied."

From the judgment rendered on October 1, 1906, and from this order, the defendant Hadden appeals, by notice of appeal dated May 1, 1907, and filed May 16, 1907.

Why the order contained a recital denying the motion to "open the default against the defendant Hadden" is not clear, as neither the motion papers nor the affidavits contain any application to open a default, but merely to vacate and set aside a judgment. Assuming that Hertz had no authority to appear for Hadden, it is not disputed that he did so appear, and by such appearance jurisdiction was conferred upon the court. Hamilton v. Wright, 37 N. Y. 502; Kramer v. Gerlach, 28 Misc. Rep. 525, 59 N. Y. Supp. 855; Sperry v. Reynolds, 65 N. Y. 179, 183; Butcher v. Quinn, 86 App. Div. 391, 83 N. Y. Supp. 700. The Municipal Courts stand in the same situation, as regards the appearance by attorneys, as courts of record (People ex rel. Allen v. Murray, 2 Misc. Rep. 152, 23 N. Y. Supp. 160, affirmed 138 N. Y. 635, 33 N. E. 1084); and the distinction between Justices' Courts and courts where none but licensed attorneys are authorized to appear is pointed out in Sperry v. Reynolds, supra. Assuming, but not deciding, that the court below had the power to entertain and decide a motion for the purpose of setting aside or vacating the judgment entered upon the unauthorized general appearance by the attorney, Hertz, for the defendant Hadden, nevertheless the facts in this case do not disclose any abuse of the right to deny such a motion. The defendant Hadden knew of the rendition of the judgment in October, 1906, a short time after it was entered, as he then told one of plaintiffs' attorneys that he intended to move to open it. During the same month an execution was issued thereon and returned unsatisfied, and presumably the defendant was again reminded of the existence of the judgment. On April 12, 1907, an order in supplementary proceedings was served upon him, and on April 16, 1907, his examination thereunder was begun; he then appearing without objection. Upon such examination it was disclosed that Hadden had property which could legally be applied upon the judgment, and also that he had violated the injunction order by paying out money, after its service upon him, and proceedings were instituted to punish him for contempt. In Abbett v. Blohm, 54 App. Div. 422, 426, 66 N. Y. Supp. 838, 841, the court, refusing to set aside a judgment which had been obtained upon the unauthorized appearance of an attorney, said:

"Where it is shown that the appearance of the attorney is unauthorized, the court undoubtedly has power, in its discretion, to vacate the appearance and set aside the judgment; but it is only proper to exercise that authority where the application has been made promptly or the other side has lost no rights by the delay."

In the case at bar the defendant Hadden, as before stated, although aware of the existence of the judgment against him in October, 1906, made no motion to vacate it, appeal from it, or to vacate it until over six months later, and not then until the plaintiffs had by examination in supplementary proceedings ascertained the existence of property belonging to Hadden and subject to the judgment, and a receiver had been appointed in such proceeding. If, then, the court below had jurisdiction to entertain the motion, the same was properly denied. The judgment having been regularly entered in October, 1906, and

the appeal therefrom not having been taken until May, 1907, it was too late.

The appeal from the judgment is dismissed, and the order appealed from affirmed, with costs. All concur.