BERGEN AQUEDUCT COMPANY, APPELLANT, v. STATE BOARD OF TAXES AND ASSESSMENTS ET AL., RESPONDENTS.

Submitted December 6, 1920—Decided February 28, 1921.

Under the legislation applicable to corporations using and occupying public roads, streets, &c. (*Pamph. L.* 1900, *p.* 502, as amended *Pamph. L.* 1918, *p.* 907, and *Pamph. L.* 1917, *p.* 42, § 5), the rate of the franchise tax to be paid by a water company having mains partly in this state and partly in another state is determinable upon the entire gross receipts, while the tax itself is computed upon such proportion of the gross receipts as the length of the mains in the street or public places in this state bears to the whole length of the mains.

---

On appeal from the Supreme Court.

For the appellant, *Collins & Corbin.*

For the respondents, *Thomas F. McCran,* attorney-general, and *J. W. & E. A. De Yoe.*

The opinion of the court was delivered by

MINTURN, J. The state board of taxes and assessments confirmed an assessment upon the Bergen Aqueduct Company, based upon its gross receipts. The Supreme Court affirmed the assessment, and from this judgment this appeal has been taken, upon the ground generally that the assessment as levied cannot be legally supported under the legislation in-

voked to sustain it. The company is engaged in the supply and distribution of water for public and private use in the village of Ridgewood, and the boroughs of Glen Rock and Midland Park, in the county of Bergen, and extends its operation into the adjoining State of New York.

The legislation applicable to the situation is contained in section 4 of the act of 1900 (*Pamph. L., p.* 502), as amended by laws of 1918 (*Pamph. L., p.* 907), and section 5 of the laws of 1917. *Pamph. L., p.* 42. The prior act is as follows:

"Any * * * corporation having lines, wires or mains in this state and part thereof in another state or states, or * * * on private property, and part thereof on public streets, highways, roads, lanes or other public places, shall make a report showing the gross receipts from its whole lines, wires or mains, together with a statement of the length of the same, and of the length in this state along any street, highway, road, lane or other public place.

"The franchise tax * * * for business so done in this state shall be upon such proportion of the gross receipts as the length of the lines, wires or mains in this state in the street or public places bears to the whole lines, wires or mains."

The later enactment referred to is as follows:

"The tax levied and assessed during the year one thousand nine hundred and twenty, computed upon the gross receipts of the year ending December thirty-first, one thousand nine hundred and nineteen, shall be five per centum * * * provided that those persons, co-partnerships, associations or corporations, whose gross receipts shall not exceed the sum of fifty thousand ($50,000) dollars, shall be assessed at the rate of two per cent. per annum upon such gross receipts."

The record shows that the whole length of the mains was fifty-one and thirty-three hundredths miles; that the length of the mains along any street, highway, road, lane or other public place in this state was forty-one and five hundred twenty-seven thousandths miles, and that the proportion of gross receipts based upon this relative mileage is $49,774.96, while the entire gross receipts returned are $61,168.39.

The inquiry presented by the reasons filed on this proceeding is whether the rate to be applied is determinable upon the entire gross receipts, or upon such portion thereof as the entire mileage of the mains in the public streets bears to the entire mileage of the prosecutor's mains.

It will be observed that the fourth section of the act of 1900 is designed to indicate what character of corporations are taxable for franchise taxes upon their gross receipts, as well as the method to be resorted to in determining the tax. The legislative requirement is manifest that for the purpose of determining the basis for the assessment, the corporation shall make its report showing "the gross receipts from its whole lines, wires or mains;" and for the business done in this state the franchise tax is imposed "upon such proportion of its gross receipts as the length of the lines, wires or mains in the street or other public places bears to the whole length of the lines, wires or mains."

The act of 1917 then provides that the tax levied for the year 1919, "computed upon the gross receipts" of the year ending December 31st, 1919, shall be five per centum per annum. The ensuing proviso invites the inquiry of statutory construction with which we are to deal, wherein it provides that corporations "whose gross receipts shall not exceed the sum of $50,000 shall be assessed at the rate of two per cent. per annum upon such gross receipts." The gross receipts from the prosecutor's business within the state being $49,774.86, the practical question thus presented is whether the five or the two per cent. rate shall be applied upon that computation.

An inquiry not materially dissimilar to this in principle was submitted to the United States Supreme Court in *Louisville and N. R. R. Co.* v. *Greene*, 244 *U. S.* 522, 549, involving the construction to be given to a Kentucky statute, providing for the imposition of a franchise tax upon corporations operating within and without the state, based upon "the proportion which the gross receipts of this state bear to the entire gross receipts of the company."

The opinion of Mr. Justice Pitney declares it to be

"settled that total stock or total assets, situate partly within and partly without the state, but organically related, may be taken into consideration as a means of reaching the true cash value of property within the state, and that the mileage relation may be given its proper weight." Citing *State Railroad Tax Cases,* 92 *U. S.* 575; *Pullman Palace Car Co.* v. *Pennsylvania,* 141 *Id.* 18.

The fundamental rule is settled beyond controversy that the state may require as the condition of a grant to do business to a corporation, payment of a specific sum, based on the gross receipts, or of any sum to be ascertained in any convenient mode the legislature may prescribe. *Home Insurance Co.* v. *New York,* 134 *U. S.* 594; *26 R. C. L.* 161, and cases.

The convenient method adopted in this instance was the initial prerequisite to compel corporations to submit a report of gross receipts as a basis for administrative use in the computation of the tax.

Obviously nothing was to be gained in behalf of the state by compelling the filing of a report of gross receipts, including business done beyond the jurisdiction, unless it be conceded that the results to be extracted from it were to be made the basis for the exercise of the taxing power locally, and thereafter the imposition of a tax to be imposed upon the basis of gross incomes thus shown at one rate, and at another and less rate upon a minimum sum, based in both instances upon the relative mileage of mains contained in the state; the public policy of the situation inhering in the fact that the corporation whose aggregate annual income should be less than $50,000 should have applied to it a rate productive of much less in taxable results than one more fortunately situated in its power of acquisition and control; the legislative test at all times being the relative abilities of such companies from the viewpoint of conceded general gross income to sustain and meet the tax. Considered with this legislative purpose in mind, the object of the proviso becomes obvious, and susceptible of reasonable and logical construction in its relation to the entire scheme of legisla-

tion, and warrants the application of the five per cent. rate applied by the state board in this instance.

The judgment of the Supreme Court will therefore be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, KALISCH, KATZENBACH, WILLIAMS, ACKERSON, JJ.   9.

*For reversal* — PARKER, BLACK, WHITE, HEPPENHEIMER, TAYLOR, GARDNER, JJ.   6.