JOHN SIMMONS COMPANY, RESPONDENT, v. WILLIAM G. SLOAN, APPELLANT.

Argued February 15, 1928—Decided May 14, 1928.

For the appellant, *Brenner & Kresch.*

For the respondent, *John F. Gough.*

The opinion of the court was delivered by

CAMPBELL, J.   On September 14th, 1922, the respondent, Simmons Company, commenced suit in the city court of New York against Grange and Sloan as partners; Grange only was served, and, no answer being filed, judgment was entered against him.   Subsequently, upon the application of a firm of attorneys, this judgment was opened and an answer filed by them for both Grange and Sloan, and thereafter, by order of the court, judgment was entered, upon the pleadings, against both defendants.   Sometime thereafter another attorney, who knew the defendant, Sloan, and had previously rendered legal services to him, discovered the judgment and brought it to the attention of Sloan, who authorized such attorney to take proceedings to have it set aside as against him.   Accordingly such attorney, by special appearance, applied to the city court for an order setting aside the judgment as to Sloan, urging that at the time of the commencement of the action he was not a resident of the State of New York; that he had not been served with process in such suit; that he was not a partner of Grange at the time the cause of action arose, and that he had not authorized any attorney to represent him in such suit or file an answer for him.   The city court refused to set aside the judgment and an order denying the application was entered.   From this order the attorney for Sloan

took an appeal to the Appellate Division of the Supreme Court, and that court also refused to set aside the judgment and proper orders of such adjudication were duly entered.

Action was brought upon this judgment in the Supreme Court of this state against Sloan and came on for trial at the Mercer County Circuit where a verdict was directed against him, and from the judgment entered thereon Sloan has appealed to this court.

The sole ground of appeal is directed at the alleged error of the trial court in refusing to direct a verdict in favor of Sloan and in having directed the verdict against him.

The facts were not in dispute, and are all shown and established by a properly exemplified copy of the proceedings and judgment roll of the city court and Appellate Division of the Supreme Court of New York, introduced and admitted in evidence at the trial at Circuit.

The contention at Circuit was, and, as again urged here, is that the appellant, Sloan, was entitled to show that he was not served and did not submit himself to the jurisdiction of the City Court of New York, and that court in nowise obtained jurisdiction over him, and that, therefore, the judgment upon which the present suit is based, was, as to him, a nullity.

Ordinarily such right exists and is specifically accorded to defendants under section 16 of our Evidence act (2 *Comp. Stat.,* p. 2225), but here the apppellant, Sloan, had submitted those questions not only to the City Court of New York, upon a special appearance for that purpose, but upon an adjudication in that court, adverse to him, had submitted the same matters to the Appellate Division of the Supreme Court with the same result.

He had, therefore, litigated unsuccessfully these very questions in a court of competent jurisdiction, and we think the judgment of such court is conclusive and *res judicata* of such questions in the courts of this state.

Such is the holding of the United States Supreme Court in *Chicago Life Insurance Co.* v. *Cherry,* 244 *U. S.* 25, by which, in matters of this character, dealing with judicial transactions between the states and resting upon mandates of

the federal constitution, we are bound, and accordingly accept as the law of the land.

The judgment below is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, HETFIELD, JJ. 12.

*For reversal*—PARKER, KAYS, DEAR, JJ. 3.