W. S. F. TATUM, Respondent, v. FRANCIS P. MALONEY and Another, Appellants.

First Department, May 10, 1929.

*Howard B. Harte* of counsel [*D. Theodore Kelly* with him on the brief; *Kelly, Hewitt & Harte,* attorneys], for the appellants.

*Frederic R. Sanborn* of counsel [*Putney, Twombly & Putney,* attorneys], for the respondent.

MERRELL, J.   The action was brought upon a judgment obtained by plaintiff against defendants in the Circuit Court of Forrest county in the State of Mississippi, in which action the plaintiff herein was plaintiff and the defendants, appellants, were defendants. The action in Mississippi was brought to recover for three shipments of lumber sold and delivered by plaintiff to defendants and for which they failed to pay.   Upon this appeal and upon the motion below for summary judgment under rules 113 and 114 of the Rules of Civil Practice, the defendants attacked the Mississippi judgment upon the ground that the Mississippi court never gained jurisdiction of the defendants.   It is admitted in the affidavit of the defendant Francis P. Maloney that the defendants received prompt notice of the pendency of the Mississippi action against them, and upon being advised by one Cragin, whom the plaintiff claimed was the agent of the defendants in Mississippi, of the pendency of the action, the defendants authorized their New York attorneys to employ attorneys in Mississippi to appear specially in the action there and to object to the jurisdiction of the Mississippi courts.   Accordingly a firm of Mississippi lawyers, Messrs. Currie & Smith, was employed to appear specially and object to the jurisdiction of the Mississippi court.   These attorneys appeared in behalf of Cragin, the alleged agent, as *amicus curiæ* and the defendants authorized their New York attorneys to agree to the payment of the fees of the Mississippi attorneys thus appearing specially for the purpose of objecting to the jurisdiction of the Mississippi court.   It is the contention of the defendants that the Mississippi attorneys

were never authorized to appear generally in the action and that they were instructed that the defendants would not submit themselves to the jurisdiction of the Mississippi court and that said attorneys should only appear for the purpose of contesting the jurisdiction of that court. As a matter of fact there was a special appearance by the Mississippi attorneys, but thereafter the said attorneys applied to the court for leave to file pleas or to prepare a defense to the action, and the said attorneys asked permission to interpose a defense on the merits to said action. Leave to interpose a defense upon the merits was granted. Subsequently, however, the attorneys stated that they did not desire to interpose any defense in the action, and the plaintiff then moved the court for judgment *nil dicit*, as by confession. Thereupon judgment was rendered in favor of plaintiff and against the defendants in the Circuit Court of Forrest county for the amount of the plaintiff's claim for said lumber, $1,857.11, together with the costs of the action. It is admitted by defendants, appellants, that they then authorized their Mississippi attorneys to take an appeal from the judgment rendered against them and to test the jurisdiction of the Mississippi Circuit Court. In accordance with such instructions the defendants appealed to the Supreme Court of Mississippi on the ground that the Circuit Court had erred and was without jurisdiction of the defendants; that no process was served upon the defendants, and that the court was without jurisdiction to render any judgment against them. The Appellate Supreme Court of Mississippi held that the trial court had obtained jurisdiction of the case because of the general appearance in the action, and affirmed the judgment against the defendants. The defendants thereon took a further appeal by way of suggestion of error from the Supreme Court of Mississippi. The suggestion of error was overruled and the main appeal was again affirmed. In the present action, brought in the State of New York upon said judgment, the defendants appeared and answered setting up three defenses and three alleged counterclaims. The first defense denied that any judgment was ever duly rendered against them in Mississippi. Of course, this denial amounts to nothing on motion for judgment on the pleadings, and does not raise any issue of fact. (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127, 133.) The second and third defenses, in legal effect, are the same, alleging that the Mississippi courts had no jurisdiction of the defendants. The three counterclaims are based upon three shipments of lumber, one of which is the same as that upon which the plaintiff recovered in Mississippi. The court very properly struck out this counterclaim as *res adjudicata*. It was conceded at the argument that the other two

counterclaims involved other matters, and the court refused to strike out said counterclaims, leaving them for the trial of the action. No question of fraud is involved in the rendition of the judgment against the defendants in Mississippi. The defendants at all times had full knowledge of the proceedings against them in the Mississippi court. They were in constant communication through their New York attorneys with the firm of Mississippi attorneys who represented them there. The disputed question of fact and law as to whether or not the Mississippi court had acquired jurisdiction was litigated and passed upon by the Mississippi trial court and was sustained upon two appeals. The defendants now seek to litigate the same question in the present action. It is the contention of the defendants that the Mississippi attorneys exceeded their authority and improperly appeared generally in the action by requesting permission to interpose a defense on the merits to said action.

I am clearly of the opinion that, the question of jurisdiction in the Mississippi action having been raised and pleaded by the defendants, that question is no longer open to litigation, and that, therefore, the defense of want of jurisdiction cannot be raised in the present action. It is the contention, however, of the defendants that the judgment may be collaterally attacked for want of jurisdiction of the Mississippi court. While the question of jurisdiction may, in most cases, be properly raised, under the decisions in this State, the question of jurisdiction of a foreign court cannot be raised where that question was litigated and decided in the foreign court. The leading case upon the subject was *Wright* v. *Douglass* (10 Barb. 97) where Presiding Justice GRIDLEY said (at p. 111): "* * * But when the jurisdiction depends on a fact that is litigated in a suit, and is adjudged in favor of that party who avers jurisdiction, then the question of jurisdiction is judicially decided, and the judgment record is conclusive evidence of jurisdiction, until set aside or reversed by a direct proceeding by appeal or a writ of error. (*Betts* v. *Bagley*, 12 Pick, 572, 582, 3.)"

This doctrine was cited with approval by Judge RAPALLO in the unanimous decision of the Court of Appeals in *Ferguson* v. *Crawford* (70 N. Y. 253, 265), the Court of Appeals holding there was always one exception to the rule of want of jurisdiction, and that was when jurisdiction had been contested and determined in a foreign court. In *O'Donoghue* v. *Boies* (159 N. Y. 87) Judge O'BRIEN, writing for the Court of Appeals, said (at p. 99): " The want of jurisdiction to render the particular judgment may always be asserted and raised directly or collaterally, either from an inspection

of the record itself when offered in behalf of the party claiming under it, or upon extraneous proof, which is always admissible for that purpose. *There is but one solitary exception to this rule, and that is in a case where jurisdiction depends on a fact that is litigated in a suit and is adjudged in favor of the party who avers jurisdiction. Then the question of jurisdiction is judicially decided, and the judgment record is conclusive on that question until set aside or reversed by a direct proceeding.* (*Ferguson* v. *Crawford, supra,* p. 265.)" (Italics are the writer's.)

A later case (*Guggenheim* v. *Wahl,* 203 N. Y. 390) is directly in point. In that case the plaintiff originally sued for a divorce in the State of Illinois. The jurisdictional question raised in the New York action was as to whether the defendant was a resident of the State of Illinois, thus giving the Illinois courts jurisdiction of the divorce action. This jurisdictional question was passed upon and decided by the Illinois courts. It was thereafter collaterally attacked in the New York action. Judge GRAY, writing for a unanimous court in the New York action (203 N. Y. 397), after citing certain divorce cases, said: "These cases, and others might be cited, established the principle that *when, as in this case, a court of general jurisdiction in another State has passed upon the jurisdictional facts and has assumed to hear and to determine the issues, the complainant, who has invoked its jurisdiction, will not be heard here in a collateral attack upon its judgment. It may have decided erroneously; but that does not affect the validity of the decision.*" (Italics are the writer's.)

So in the case at bar the jurisdictional question now attempted to be collaterally raised was presented in the Mississippi Circuit Court and was there decided adversely to the defendants, the Circuit Court holding that jurisdiction of the defendants had been acquired. Upon two successive appeals such determination of the Circuit Court was affirmed. Thus it appeared beyond any question that the jurisdictional question now attempted to be raised was finally adjudicated by the Mississippi courts, and, right or wrong, such decision cannot now be attacked in our courts under the authorities above cited. Even though the question were still open, I think the same was correctly decided by the Mississippi courts. In this case the preliminary appearance of the Mississippi attorneys was not unauthorized, but was directly at the instigation and request of the defendants through their New York attorneys. The appellants cite several cases holding that the question of jurisdiction of a foreign State may be raised, but in all of the cases cited by the appellants the question of fraud seems to have been involved. Undoubtedly, where there is an unauthorized appearance in behalf

of a party in a foreign jurisdiction without the knowledge or consent of the party, such appearance would not be sufficient to confer jurisdiction. But in this case the defendants authorized, first, a special appearance of the Mississippi attorneys to contest the jurisdiction of the court, and when the Mississippi court overruled their contention, the defendants authorized an appeal to be taken from such determination and upon two successive appeals the appellate court of Mississippi held that jurisdiction had been obtained through the general appearance of the attorneys in defendants' behalf. That there was such general appearance there can be no doubt, in view of the fact that the Mississippi attorneys applied for leave to interpose a defense upon the merits to plaintiff's cause of action. Thus the situation is quite different from that arising in the cases cited by appellants where the appearances were unauthorized and, in most cases, were without any knowledge on the part of the defendants. The defendants admit that they personally authorized the Mississippi attorneys to appear specially, and that they paid said attorneys for their services. Subsequently the Mississippi attorneys appeared generally and ultimately judgment was rendered in the Circuit Court of Mississippi against the defendants, appellants. It is admitted by the defendants, appellants, that they authorized an appeal to be taken to the Supreme Court of Mississippi from the judgment of the Circuit Court of that State, and it is the undisputed fact that the Supreme Court of Mississippi affirmed the judgment of the trial court. I think there is no disputed question of fact here. As to whether or not the Mississippi attorneys had secret instructions from the defendants, appellants, and as to what the instructions were, the plaintiff is, of course, ignorant. The defendants do not deny such instructions, and, therefore, there is no issue thereon. Having employed the Mississippi firm of attorneys to represent the defendants, I think the defendants should be bound by the action of their said attorneys, upon the court's overruling their special appearance, in appearing generally in the action and asking leave to defend upon the merits. Although the attorneys may have exceeded their authority, I think the defendants should be bound by their acts. As was said by BOARDMAN, J., in *Palen* v. *Starr* (7 Hun, 422, 423, 424): " It will not do to allow proceedings regularly had by attorneys, lawfully appearing for the respective parties, to be questioned by their clients for want of specific authority in the absence of fraud."

In *Matter of Maxwell* (66 Hun, 151) Presiding Justice MAYHAM, writing for the General Term, Third Department, PUTNAM and HERRICK, JJ., concurring, said (at p. 156): " The court must repose confidence in the authority assumed to be exercised by

the attorneys, who are its officers.  And when an attorney duly appears in open court or by a proper notice of retainer in the absence of fraud or collusion, he must be deemed as representing his client, who must be bound by his acts in the regular line of his duty." Here there was no allegation of fraud on the part of the attorneys appearing generally for the defendants.  They were employed by the defendants, who had notice of all proceedings in the Mississippi action.

The only question at issue, it seems to me, upon this appeal, is one of law and not one of fact.

However, as before stated, I do not think the question of jurisdiction is now an open one.  It has been finally passed upon by the courts of a sister State adversely to the defendants, appellants, and we are bound by the determination of those courts.

In this case the plaintiff, respondent, sold and delivered to the defendants, appellants, the three shipments of lumber.  This lumber they have received and used, and have not paid for the same.  They are now attempting to escape liability upon technical grounds.  Their withdrawal of the privilege granted them to interpose a defense upon the merits in the Mississippi action would indicate that they have no real defense to the action and are seeking to avoid liability upon technical grounds alone.  They had an opportunity to defend the Mississippi action and signified their unwillingness to defend the same upon the merits.  I think the court very properly severed the action, granting the plaintiff judgment for the amount of his claim, less the amount of the counterclaims alleged by defendants, leaving the determination of said counterclaims and the right of the plaintiff to recover the balance of his claim to the trial of the action.

The judgment and order appealed from should be affirmed, with costs.

DOWLING, P. J., dissents.

PROSKAUER, J. (concurring in result).  I concur in the affirmance of the judgment and order appealed from, for the following reasons:

*First.* The defendants having retained the Mississippi attorneys were bound by the action of these attorneys in the conduct of the litigation, even though they exceeded the limitation placed upon their authority.  (*Palen* v. *Starr*, 7 Hun, 422; *Matter of Maxwell*, 66 id. 151; *Butcher* v. *Quinn*, 86 App. Div. 391; *Ferguson* v. *Crawford*, 70 N. Y. 253, 258, 261.)  The situation in this respect is entirely different from the one which exists in cases like *Famobrosis Society* v. *Royal Benefit Society* (166 App. Div. 593) where the attorney's appearance was wholly unauthorized or where fraud was involved.

*Second.* Where a defendant "for the purpose of questioning or contesting such an attempted exercise of jurisdiction * * * appears and submits the matter for an adjudication, he is clearly bound by the result, as to that issue, at least." (3 Freem. Judg. [5th ed.] 2835.) Here the Mississippi attorneys, after excepting to the jurisdiction, moved to open the default. The lower court held that this constituted a general appearance and authorized the entry of judgment. The Mississippi attorneys, apparently mistakenly, advised their clients that under the Mississippi law they could appeal from this determination without submission to jurisdiction. The clients authorized this specific act of appeal. They must, therefore, take the consequences of it. When the Mississippi Supreme Court held adversely on the question of jurisdiction, it decided that in that State what the defendants thought was a special appearance constituted a general appearance. Mr. Justice HOLMES has written in *Chicago Life Ins. Co.* v. *Cherry* (244 U. S. 25, 29): "But when the power of the court in all other respects is established, what acts of the defendant shall be deemed a submission to its power is a matter upon which States may differ. If a statute should provide that filing a plea in abatement, or taking the question to a higher court should have that effect, it could not be said to deny due process of law. The defendant would be free to rely upon his defence by letting judgment go by default. * * * If without a statute a court should decide as we have supposed the statute to enact, it would infringe no rights under the Constitution of the United States. That a party that has taken the question of jurisdiction to a higher court is bound by its decision was held in *Forsyth* v. *Hammond*, 166 U. S. 506, 517."

While the decision in that case turned primarily upon the question of due process, read in connection with the other authorities it enforces the conclusion that the Full Faith and Credit Clause of the United States Constitution (Art. 4, § 1) requires us to recognize a judgment obtained as was the one here in suit, after determination by the highest court of the State in which it was obtained, that the action of the attorneys employed subjected the defendants to the jurisdiction of the court. (*Cherry* v. *Chicago Life Ins. Co.*, 190 Ill. App. 70; *Western Life Indemnity Co.* v. *Rupp*, 235 U. S. 261; *Tootle* v. *McClellan*, 7 Ind. T. 64; 103 S. W. 766; Tentative Restatement of the American Law Institute, Conflict of Laws, Restatement No. 2, § 87.)

MARTIN and O'MALLEY, JJ., concur; DOWLING, P. J., dissents.

Judgment and order affirmed, with costs.