PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF, v. COE MANUFACTURING COMPANY, A NEW JERSEY CORPORATION, DEFENDANT.

Decided August 5, 1932.

CAFFREY, C. C. J. This is an action by the State of New York against the Coe Manufacturing Company, a New Jersey corporation, doing business in New York State, to recover $1,565.26 with interest from July 26th, 1930. The action is founded on a judgment entered in the Supreme Court of the State of New York, in the county of Albany, against the defendant. The defendant has filed an answer to the complaint and the plaintiff has moved to strike out the same on the ground that it does not set up a meritorious defense. The defendant, despite the fact that it filed an answer, moved to strike out the complaint on the ground that the judgment entered against it in the Supreme Court of New York was invalid, in that the New York court has no jurisdiction over it.

There is no dispute as to the facts, and for the purpose of determination of this motion the parties have stipulated

that the defendant was served with a summons and complaint in a suit by the attorney-general for the collection of franchise taxes under the statute, for which it became liable by virtue of its doing business in the State of New York. To this action the defendant company filed an answer. On motion of the attorney-general the answer was stricken out, and judgment was entered in the terms of the following memorandum filed by the Honorable Ellis J. Staley:

"At a special term of the Supreme Court held in and for the county of Albany at the county court house in the city of Albany, this 28th day of July, 1930.
Present:

 Hon. Ellis J. Staley,

 Justice of the Supreme Court.

Supreme Court—Albany County.

The People of the State of New York,

 Plaintiffs,

 against

Coe Manufacturing Company,

 Defendant."

On reading and filing the summons and complaint herein, verified April 12th, 1930, the answer herein, verified May 12th, 1930, and the notice of motion made by the plaintiffs dated June 12th, 1930, and returnable at this time and place; and the plaintiffs having duly moved thereupon for judgment on the pleadings in favor of the plaintiffs and against the defendant for the relief demanded in the complaint, under rule 112 of the Rules of Civil Practice, on the ground that the answer of the defendant is insufficient in law upon the face thereof both in form and in substance; now after hearing Borden H. Mills, esquire, deputy assistant attorney-general, of counsel for plaintiffs, in support of said motion, and Leon R. Jillson, esquire, of counsel for defendant, in opposition thereto; and due deliberation being had thereon, it is, on motion of Hamilton Ward, attorney-general,

Ordered that the said motion be, and the same hereby is,

granted, with ten dollars costs, and that judgment be entered herein, on the pleadings, in favor of plaintiffs and against defendant, for the relief demanded in the complaint.

Ellis J. Staley,

Justice Supreme Court."

In addition to the stipulated facts an exemplified copy of the judgment was offered on the motion before me.

The defendant company contends that the judgment entered in the State of New York is not entitled to full faith and credit by this court because of the lack of power on the part of the State of New York to enter a judgment for taxes as imposed by the New York statute.

Of course if this were an original suit for the collection of taxes due to the State of New York the plaintiff would be without relief, because the principle is well settled without the need of citation, that the courts of one state will not enforce a claim for taxes as such in any other jurisdiction than that in which the taxes are due. *Colorado* v. *Harbeck,* 232 *N. Y.* 71; 133 *N. E. Rep.* 357.

As I view this matter the suit in this court is not for the collection of taxes, but for the collection of a judgment which is based on a tax claim, and the original character of the claim has been merged in the judgment. In so holding I am not unmindful of *Huntington* v. *Attrill,* 146 *U. S.* 657; 36 *Lawy. Ed.* 1123, nor *Wisconsin* v. *The Pelican Insurance Co.,* 127 *U. S.* 265; 32 *Lawy. Ed.* 239.

In the case of *Bergen Aqueduct* v. *State Board of Taxes and Assessments,* 95 *N. J. L.* 486; 112 *Atl. Rep.* 881, Mr. Justice Minturn, speaking for the Court of Errors and Appeals, said:

"The fundamental rule is settled beyond controversy that the state may require as the condition of a grant to do business to a corporation, payment of a specific sum, based on the gross receipts, or of any sum to be ascertained in any convenient mode the legislature may prescribe. *Home Insursance* v. *New York,* 134 *U. S.* 594; 26 *R. C. L.* 161."

The purport of the New York statute is in keeping with

the New Jersey statute which has been construed in the above language.

Under section 16 of the Evidence act we have to presume the validity of a foreign judgment unless it appears that the defendant was not within the jurisdiction of the foreign court in which judgment was entered. The defendant in this cause can make no claim under the exceptions in our Evidence act because as stipulated and as evidenced by the exemplified judgment roll it submitted itself to the jurisdiction of the New York court. If it felt aggrieved by the ruling of the trial judge it could have appealed to the court of last report in the State of New York. See *John Simmons* v. *Sloan,* 104 *N. J. L.* 612; 142 *Atl. Rep.* 15.

Under the circumstances I feel that the judgment entered is entitled to full faith and credit in this court. The motion to strike out the answer will be granted.