STATE BOARD OF TAX APPEALS.

POSTAL TELEGRAPH-CABLE COMPANY OF NEW JERSEY, PETITIONER, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, RESPONDENT.

Decided September 10, 1940.

For the petitioner, *G. William Shea.*

For the respondent, *David T. Wilentz,* attorney-general (by *John Solan*).

QUINN, President.  Petitioner was subject to taxation for the year 1939, for the franchise to use public highways, streets and places in the conduct of its business in this state, under *Pamph. L.* 1938, *ch.* 7.  It does both an intrastate and interstate business in the transmission of telegraphic messages, and for the year in question, maintained a total of 268.912 miles of line in the state, of which 252.702 miles were erected upon or over public highways, streets and places.

From its business for the period attributable to the tax year 1939, its gross receipts were $18,013.97 derived from intrastate business, and $201,303.88 from interstate business.  The statute provides for the levy of the tax as follows:

"The excise tax imposed on each taxpayer shall be a sum equal to five per cent. of such portion of the taxpayer's gross receipts as herein defined of their business over, on, in, through or from the whole of the taxpayer's lines or mains as the length of the lines or mains of such taxpayer in this state along, in or over any public street, highway, road or other public place bears to the whole length of the taxpayer's lines or mains.  In case the gross receipts of any such taxpayer for any calendar year shall not exceed the sum of fifty thousand dollars ($50,000) the tax on such taxpayer for such calendar year shall be computed at the rate of two per centum (2%), instead of at the rate of five per centum (5%), of the gross receipt."

The assessment made by the State Tax Commissioner was in the sum of $876,77, determined by applying the five per cent. rate to the sum of $17,535.31, which in turn, represents that proportion of gross intrastate receipts which the number of miles of line in public places, &c., bears to the total length of the company's lines in the state.  Petitioner assigns as

error the use by the commissioner of the five per cent., rather than the two per cent. referred to in the statute. It urges that "gross receipts," as referred to in the last sentence of the statutory excerpt set out above, means gross receipts taxable, and not gross receipts from interstate as well as intrastate business. And since gross receipts taxable were less than $50,000, it contends that the tax should have computed on the basis of two per cent. The Court of Errors and Appeals, however, has heretofore construed a substantially similar predecessor enactment to the contrary. *Bergen Aqueduct Co.* v. *State Board (Court of Errors and Appeals, 1920)*, 95 *N. J. L.* 486; 112 *Atl. Rep.* 881. It was there held that the larger percentage was intended for use in the event that total receipts of the company, from whatever source, should exceed the sum of $50,000. We are, of course, concluded by that construction of the act.

Petitioner further urges that if the statute is to be construed in the manner which, as seen, we deem mandatory upon us, it is unconstitutional, as in effect laying a direct and burdensome tax on its interstate business, citing *New Jersey Bell Telephone Co.* v. *State Board* (1930), 280 *U. S.* 338. While we do not regard that decision as analogous to the situation herewith presented, we do not, in any event, undertake to pass upon constitutional questions of first impression in advance of their determination by the courts.

The assessment will be affirmed.