## DURLACHER v. DURLACHER.

### No. 112.

District Court, D. Nevada.

Dec. 6, 1940.

Lloyd V. Smith, of Reno, Nev., for plaintiff.

Platt & Sinai, of Reno, Nev., for defendant.

NORCROSS, District Judge.

This is an action to recover on three judgments entered by the Supreme Court of the State of New York, County of New York, in the aggregate sum of $3,365.72, with accrued interest thereon. The judgments sued upon have their basis in a prior judgment entered in said New York court February 7, 1934, awarding to plaintiff a decree of "separation from the bed and board of defendant forever by reason of the abandonment of the plaintiff by defendant without cause," and, by the terms of which judgment, defendant was ordered to pay to plaintiff $500 per month, and after October 1, 1934, $833.33 per month, for support and maintenance. At the time of the entry of said judgment of separation, the marital domicile of plaintiff and defendant was in the State of New York.

On or about January 15, 1939, defendant left the State of New York with the bona fide intention to abandon his residence therein and ever since January 27, 1939, has been, and now is, a bona fide resident of the State of Nevada. On April 14, 1939, said defendant obtained a decree of divorce from said plaintiff in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe; that due and personal service of process in said divorce action was made on plaintiff herein, defendant in the divorce action, in the State of New York where she then and now continues to reside; that said decree of divorce has never been modified, amended, or set aside, and ever since has been, and now is, in full force and effect. That at the time of the entry of said decree of divorce, defendant herein had paid to plaintiff all amounts required of him to be paid to plaintiff for support and mainte-nance in pursuance of the terms of said New York judgment to and including the date of said Nevada divorce decree, and continued payments thereafter until the month of November, 1939.

On or about March 11, 1940, the said New York court entered a judgment against defendant in the sum of $833.33, together with costs, "representing arrears in alimony due," under said judgment of date February 7, 1934. Thereafter, on March 16, 1940, and April 24, 1940, other similar judgments were entered in the sum of $833.33 and $1,666.66, respectively.

In the said divorce suit in the Nevada court, plaintiff herein did not appear. In the proceedings in the New York court, wherein the above-mentioned three judgments "representing arrears in alimony," defendant, herein and therein, did not appear otherwise than in respect to said judgments entered as of dates March 11th and March 16th, 1940. Defendant appeared specially to challenge the jurisdiction of that court to enter such money judgments. In the three suits last mentioned, defendant was not personally served with process nor was process served on any one authorized to represent defendant.

This case is submitted upon an agreed statement of facts and the foregoing is, by the court, deemed to be a brief statement of the facts controlling the application of the law governing in the case.

The agreed statement of facts presents two main questions of law in that the defendant appeared specially to challenge the jurisdiction of the New York court in the said actions resulting in the said judgments of dates March 11th, and 16th, 1940, Durlacher v. Durlacher, 173 Misc. 329, 17 N.Y.S.2d 643. He did not appear specially or otherwise in the action resulting in the said judgment of date April 24, 1940.

■ The law appears to be well settled that where a defendant enters a special appearance in a case prosecuted in a state other than that of his residence for the purpose solely of raising a question of jurisdiction and the decision is adverse to such contention, and no appeal therefrom is taken, the question of jurisdiction becomes res judicata and cannot as to such action again be litigated. St. Clair v. Cox, 106 U.S. 350, 1 S.Ct. 354, 27 L.Ed. 222; Blakeslee v. Blakeslee, 213 Ill.App. 168; Tatum v. Maloney, 226 App.Div. 62, 234 N.Y.S. 614; Hall v. Wilder Mfg. Co., 316 Mo. 812, 293 S.W. 760, 52 A.L.R. 723; Simmons Co.

v. Sloan, 104 N.J.L. 612, 142 A. 15; Sipe v. Copwell, 6 Cir., 59 F. 970; Beale, The Conflict of Laws, Vol. 2, 1424; 34 C.J. 1159.

With respect to the said judgment sued upon of date April 24, 1940, in which defendant made no appearance, a different and distinct question of law is presented. Jurisdiction of this court is based upon allegations of diversity of citizenship and the matter in controversy being in excess of $3,000. The complaint specifically alleges that "plaintiff is a citizen of the State of New York" and that "defendant is a citizen of the State of Nevada." The answer sets up as a defense a decree of divorce awarded by a State of Nevada District Court of date April 14, 1939, which, after reciting that "it appearing that defendant has been duly and legally served with process and has failed to appear and answer within the time prescribed by law; and it appearing to the Court that the plaintiff is now and * * * has been a bona fide resident of and within the * * * State of Nevada, * * *," reads as follows: "It Is Hereby Ordered, Adjudged, and Decreed, that the bonds of matrimony heretofore and now existing between the above named plaintiff and defendant be, and the same hereby are, dissolved and declared forever at an end upon the ground that the parties have lived separate and apart, without cohabitation, for more than three consecutive years prior to the filing of the complaint herein; and said plaintiff and defendant are each forever released from all the duties and obligations thereof, and that said plaintiff and defendant be, and they hereby are, restored to their original status of unmarried persons."

It is the right of any citizen of any State of the United States to change his or her residence to any other State of the Union and become a citizen thereof. The law is well settled that when a husband changes his residence and citizenship to another state and while such resident and citizen obtains a decree of divorce therein, pursuant to the laws of the state of his adoption, that such decree dissolves the marital relation and, hence, terminates the legal effect of any prior decision of any court awarding a judgment or decree of separate maintenance. Chirgwin v. Chirgwin, 26 Cal.App.2d 506, 79 P.2d 772; Cardinale v. Cardinale, 8 Cal.2d 762, 68 P.2d 351; Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378; Simpson v. Simpson, 21 Cal.App.

150, 131 P. 99; McCormick v. McCormick, 82 Kan. 31, 107 P. 546; McCullough v. McCullough, 203 Mich. 288, 168 N.W. 929; Harrison & Saunders v. Harrison, 20 Ala. 629, 56 Am.Dec. 227; Harlan v. Harlan, 154 Cal. 341, 98 P. 32; Bushnell v. Cooper, 289 Ill. 260, 124 N.E. 521, 6 A.L.R. 1517; 30 C.J. 1076.

Plaintiff is entitled to recover upon the first two of said judgments sued upon in this action of dates March 11th and 16th, 1940, but is not entitled to recover on the said judgment of date April 24, 1940.

Judgment is directed to be entered for plaintiff accordingly.