Edward G. Baker, J.
Plaintiff moves for summary judgment in an action brought to recover judgment for $15,000, and interest, representing a sum allegedly owing to plaintiff under a written contract of employment.
The written contract between the parties, the validity of which is not in issue, provided for the employment of plaintiff by the defendant corporation for a period of one year terminating June 30, 1962, in consideration of which plaintiff was to receive a salary of $200 per week, and in addition, the sum of $15,000 together with interest, upon the afore-mentioned date. *118 This employment agreement arose out of the sale to the defendant corporation of a cleaning and dyeing business, with routes, theretofore owned and operated by Cosmopolitan Curtain Cleaners, Inc, (hereinafter referred to as 11 Cosmopolitan ") with which plaintiff had been associated.
The opposition to the instant motion for summary judgment as disclosed in the affidavit of defendant’s president which is the sole affidavit submitted in opposition, is based upon affirmative- defenses and counterclaims interposed by defendant in its answer to the plaintiff’s cause of action. These defenses and counterclaims, as amplified by defendant’s affidavit charge in sum that plaintiff collected various amounts of money totaling $15,000 which properly belonged to defendant and which plaintiff failed to turn over to defendant; and that the defendant has paid out to creditors of plaintiff, on behalf of plaintiff, various amounts totaling $2,500 for which defendant has not been reimbursed.
I am persuaded from the submitted papers that the defendant has failed to meet the evidentiary showing made by plaintiff that the sums collected were received from Cosmopolitan customers and that said collections were in fact turned over to the defendant corporation and were not retained by plaintiff. In support of this claim, plaintiff asserts that these collections represented outstanding accounts receivable of Cosmopolitan which, by agreement with defendant, were to be deposited in Cosmopolitan’s bank account remaining open for such purpose, and that these funds were to be applied toward payment of Cosmopolitan’s debts which, under the terms of the contract of sale of its business to defendant, Cosmopolitan was required to satisfy, Plaintiff further asserts that, at a conference attended by defendant’s president as well as by its manager and its accountant, the plaintiff was authorized by the defendant to effecuate collection of these accounts receivable, to deposit the funds in Cosmopolitan’s account and to pay Cosmopolitan’s debts out of said account,
Defendant’s president, while denying generally in the opposing affidavit that authorization was given for the deposit in Cosmopolitan’s bank account of the funds representing collection of Cosmopolitan’s accounts receivable, nevertheless makes no specific or express denial of plaintiff’s assertions, evidentially supported, that all such sums were collected by the route drivers and were turned over, not to plaintiff, but directly to the defendant corporation; that such transactions were supervised by officers and employees of the defendant; that all deposit slips relating to these funds were made out by defendant’s bookkeeper, *119 one Ida Roberts, with the funds being deposited by her in Cosmopolitan’s account; and, that the records relating to these transactions were kept at the office of the defendant corporation.
Under these cirmcumstances defendant was required to assemble and reveal its proof and, by the submission 6f evidentiary facts presumably available to it, show that the funds in question were not turned over to it as asserted by plaintiff. (Cf. Dodwell & Co. v. Silverman, 234 App. Div. 362; Nopco Chem. Co. v. Milner, 12 A D 2d 942.) This the defendant has failed to do. The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial.” (Richard v. Credit Suisse, 242 N, Y. 346, 350.) It is not enough, in this connection, that a defendant deny plaintiff’s presentation in summary judgment. ‘ He must state his version, and he must do so in evidentiary form ’’ (Kramer v. Harris, 9 A D 2d 282, 283).
Defendant’s contention that the interposition of counterclaims in an amount exceeding the amount sued for by plaintiff bars granting of summary judgment, is without merit. The mere assertion of a counterclaim, unsupported by proof that it is meritorious, does not bar relief to plaintiff under rule 113 of the Rules of Civil Practice (see Nopco Chem. Co. v. Milner, supra; Smith v. Cranleigh, Inc., 224 App. Div. 376).
While I conclude that the defendant has failed to support its defenses and counterclaim charging the retention of funds by plaintiff, by such a showing as would require a trial with respect thereto, there do exist triable issues as to the defense and the counterclaim relating to the payments totaling $2,500 allegedly made by defendant on plaintiff’s behalf.
Partial summary judgment in favor of plaintiff in the amount of $12,500 is accordingly granted; and the action is continued as to the balance of plaintiff’s claim. (Cf. Tatum v. Maloney, 226 App. Div. 62; Wrenn v. Moskin, 236 App. Div. 226, affd. 262 N. Y. 619; Gun Metal Specialties v. Active Wire & Metal Prods. Corp., 198 N. Y. S. 2d 528.)