ADELINE PLATT *against* FRANK PLATT.

An absolute divorce, on the ground of adultery of the husband, will not be
granted to a wife. merely on proof that the husband was in the habit of visit-
ing a house of prostitution, and on one occasion went with one of the inmates
into her sleeping apartment, it not appearing that he was ever alone in a room
with any of the inmates, or with the door shut.

The testimony of servants in a house of prostitution is no better than that of
prostitutes, and unless corroborated, is not sufficient to establish adultery.

APPEAL by defendant from a judgment of absolute divorce.
The plaintiff obtained an absolute divorce from the defendant,
and the defendant appealed, on the ground that the evidence
was not sufficient to justify the court in convicting the defend-
ant of adultery.

*Henry E. Davies*, for appellant.

*John E. Parsons*, for respondent.

VAN BRUNT, J.—The only evidence offered upon the part
of the plaintiff in support of the charge of adultery was the
evidence of Katie Green and Margaret Brown, two women
who had been for a series of years servants in a house of ill
fame, kept by a Mrs. Chadwick, at 187 Lexington avenue.
Their present residence and occupation is not given.

Katie Green says that she has seen the defendant there
more than once occasionally, she thinks three or four times a
week. She can't say positively how often. She could not say
that she ever saw defendant go into Ella's room (Ella being
the person with whom the adultery is alleged to have been
committed). She did not know that the defendant ever spent
a night in the house, although she knew of his being there late
some nights when she went to bed. Upon the direct exami-
nation she testified that she had seen defendant in Ella's room ;
that Miss Ella used to call him up into her room ; she thought
it was in the morning, and they were alone in the room when
she saw them ; that she was coming up and down stairs when

she saw them, and that he remained in the room about an hour. Upon cross-examination the witness said: "I never saw Mr. Platt in Ella's room more than once; I have seen him come out of the room when I was going up or down stairs; I could not fix the time; I think it was a week before I took the kitchen work. Margaret Brown, the other witness, testified as follows: "I know Mr. Platt, now present; I have seen him at Mrs. Chadwick's, in Lexington avenue; I have not seen him very often, for I had not much to do up stairs; I can't say how often he used to call; I have seen him going up the first flight of stairs, but never followed him up to see where he was going." Upon cross-examination she says: "I happened to be in the hall when I saw Mr. Platt, and Mrs. Chadwick came out, and called Ella; I can't say if it is the first time I saw him; the only time I saw him was in the hall on the occasion spoken of above."

. . It is, of course, well established that it is not necessary to prove the direct fact of adultery, but such circumstances must . be proven that the fact may be fairly inferred from them. As for example, if a married man visits a house of ill fame and shuts himself in a room with a common prostitute, it must be inferred, in the absence of proof to the contrary, that he does this with the intent of committing adultery, and as the opportunity and the undoubted consent of another party concur with his own intent, the offense must be presumed to be committed (Bishop on Marriage and Divorce, § 626). It will be observed that the foundation of the presumption is the intent and opportunity to gratify that intent, and unless both are combined, no such presumption is to be indulged in. The foundation of this rule is, that when two persons desire to do a thing, and they have the opportunity to gratify their desires, universal experience shows that they will embrace the opportunity. In this case, even if the evidence of the plaintiff's witnesses is to be received as true, it does not come up to this standard. There is not the slightest particle of evidence that the defendant was ever shut up with Ella in her or any other room. The witness Green says that she never saw defendant in Ella's room but once, and that was while she was going up or down stairs, and further

Platt v. Platt.

she says that she saw him come out of her room, but whether Ella was in the room at the time or not, we do not know. This is the only evidence to show that the defendant ever had the opportunity to commit adultery in that house, and it seems to us that it is entirely insufficient. There is no evidence whatever to show that the defendant was ever alone with Ella in any room with the door shut. It is true that the witness Green, upon her direct examination, says that he remained in Ella's room about an hour, but her cross-examination shows that she knew nothing whatever upon the subject.

But beyond this, it is the well settled rule that the uncorroborated testimony of loose women is entirely insufficient to establish adultery, and although it was claimed upon the argument that there was no evidence of bad character as to these two women, yet the fact that they have lived in a house of prostitution for years as servants, would seem to indicate that they did not occupy any higher position in the social scale than the women whom they served, and it can never be believed that they are better entitled to credit than the other inmates of the house. The testimony of these women is entirely unsupported, except by the admission of the defendant, that he was in that house once, and it is met by the flat denial of the defendant as to any act of adultery. Even without that denial, it seems to us that the court could not grant a divorce upon such testimony. We do not think that the defendant was bound to call Ella and Mrs. Chadwick; he was not called upon to imperil his case by a resort to such evidence. It was as much the duty of the plaintiffs to call them as the defendants. There is no case to be found where a conviction for adultery has been sustained upon such meagre evidence as this. The judgment must be reversed; but as it is upon the ground that it is against the evidence, it must be upon payment of costs.

DALY, Ch. J., and ROBINSON, J., concurred.

Judgment reversed.