WALKER WINSTON, Respondent, *v.* LILLIE WINSTON, Appellant.

1. DIVORCE — WHEN FOREIGN DECREE INVALID. A decree of divorce granted in a territory of the United States against a resident of this state, without personal service of process upon him or his appearance in the action, is invalid.

2. EVIDENCE — OF DETECTIVES — CORROBORATION. The rule that evidence of detectives or of persons of so wholly debased a character as are prostitutes should receive some corroboration in order to command judicial confidence, is a rule for the guidance of judicial conscience, not a rule of evidence, and however such evidence may be criticized with respect to its character or weight, if it is such as to support the conclusions of the trial judge or referee, and the judgment recovered is subsequently affirmed upon review by the Appellate Division, the controversy will be deemed closed in the Court of Appeals.

*Winston* v. *Winston*, 34 App. Div. 460, affirmed.

(Argued December 12, 1900; decided February 5, 1901.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 8, 1898, affirming a judgment of Special Term dismissing the complaint entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. Crawford* for plaintiff, appellant and respondent. This court has jurisdiction to review the finding as to the recriminatory charges. (*Ostrom* v. *Greene*, 161 N. Y. 353; *People* v. *Page*, 162 N. Y. 272; *Kaplan* v. *N. Y. B. Co.*, 151 N. Y. 171; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Matter of Randel*, 158 N. Y. 216.) The evidence of the private detectives was wholly uncorroborated on the material point; and was insufficient to establish the adultery of the plaintiff. (*Moller* v. *Moller*, 115 N. Y. 466; *McCarthy* v. *McCarthy*, 143 N. Y. 235; *Mott* v. *Mott*, 3 App. Div. 532; *Pollock* v. *Pollock*, 71 N. Y. 137; *People* v. *Koerner*, 154 N. Y. 355.) No *prima facie* case having been made against the plaintiff, no inference can be drawn from his failure to testify himself. (*Shotwell* v. *Dixon*, 16¹ N. Y. 43.) The Oklahoma divorce

is void as to the plaintiff. (*Atherton* v. *Atherton*, 155 N. Y. 129 ; *Jones* v. *Jones*, 108 N. Y. 415 ; *O'Dea* v. *O'Dea*, 101 N. Y. 23 ; *People* v. *Baker*, 76 N. Y. 78 ; *Matter of Kimball*, 18 App. Div. 320 ; *Cross* v. *Cross*, 108 N. Y. 628 ; *McGown* v. *McGown*, 19 App. Div. 368 ; *People* v. *Karlsioe*, 1 App. Div. 571 ; *Magowan* v. *Magowan*, 57 N. J. Eq. 322 ; *Bell* v. *Bell*, 4 App. Div. 527.)

*Theodore Baumeister* for defendant, respondent and appellant. This court has no power to review the judgment of the Appellate Division finding the plaintiff guilty of the counter-charges made against him. (*Jerome* v. *Q. C. C. Co.*, 163 N. Y. 351 ; *Ostrom* v. *Greene*, 161 N. Y. 353 ; *Quincey* v. *White*, 63 N. Y. 370 ; *Finch* v. *Parker*, 49 N. Y. 1 ; *Healy* v. *Clark*, 120 N. Y. 642 ; *McCarthy* v. *McCarthy*, 143 N. Y. 235 ; *Lowenthal* v. *Lowenthal*, 157 N. Y. 236.) The courts below have failed to give proper faith and credit to the Oklahoma decree of divorce by which the marriage ties between the plaintiff and his former wife were effectually severed. (Black on Judg. §§ 803, 928, 932 ; *Pennoyer* v. *Neff*, 95 U. S. 714 ; *Hunt* v. *Hunt*, 72 N. Y. 217 ; *Rigney* v. *Rigney*, 127 N. Y. 408 ; *Kinnier* v. *Kinnier*, 45 N. Y. 535 ; *Lynde* v. *Lynde*, 162 N. Y. 405 ; *Maynard* v. *Hill*, 125 U. S. 190 ; U. S. R. S. § 905 ; *Mills* v. *Duryea*, 7 Cranch, 481 ; *Embry* v. *Palmer*, 107 U. S. 3 ; *Cheely* v. *Clayton*, 110 U. S. 701.)

GRAY, J. The plaintiff brought this action in order to obtain a judgment of absolute divorce from the defendant, upon the ground of her adultery. The defendant denied the allegations of the complaint and set up two defenses. She made recriminatory charges against the plaintiff, to the effect that he had been guilty of adultery, and set up a decree of divorce from the plaintiff, procured by her in the courts of the territory of Oklahoma, which authorized her remarriage. The referee, before whom the trial was had, dismissed the complaint, upon the ground that, notwithstanding the plaintiff had made out a case against the defendant, he, himself, was

proved to have been guilty of similar misconduct.    Upon the
report of the referee it was adjudged, in the first place, that
the Oklahoma divorce was invalid and, in the next place, that
the complaint was dismissed upon the merits.    From this
judgment both parties appealed ; the plaintiff, because of the
dismissal of the complaint, and the defendant, because of the
adjudication with respect to the Oklahoma divorce.    The
Appellate Division, in the first department, affirmed the judg-
ment and both parties have taken cross-appeals to this court
from the judgment of affirmance.

   The evidence showed the Oklahoma decree of divorce,
relied upon by the defendant, to have been invalid, because
obtained without personal service of process upon this plain-
tiff, the defendant therein.    The offense charged by the com-
plaint against the defendant had consisted in the latter's mar-
riage, after the Oklahoma decree, with the co-respondent
named and the question was whether the relation thus estab-
lished was lawful in its nature, or meretricious.    That a judg-
ment, rendered upon the constructive service of process, is
without force against the personal status of a non-resident and
non-appearing defendant, has been frequently the subject of
judicial discussion and that the divorce decree, in question,
was without jurisdiction as to this plaintiff, always a resident of
this state, cannot be questioned under the authorities.    (*Lynde*
v. *Lynde*, 162 N. Y. 405, 412 ; *Atherton* v. *Atherton*, 155 ib.
129 ; *O'Dea* v. *O'Dea*, 101 ib. 23 ; *People* v. *Baker*, 76 ib.
78.)    The defendant, however, seeks to distinguish this case
through the feature of an agreement made between herself
and her husband, prior to the time when she went to Okla-
homa and procured her divorce, which authorized her " to live
separate and apart from her husband" and " to reside from
time to time in such place and places as she might think
proper."    It is argued, in her behalf, that she had acquired
such a status as a resident of Oklahoma as to make the decree
available to her.    Whatever there is claimed to be of force in
the argument, it is needless to discuss it ; for the finding of
the referee is that she never had been a resident of Oklahoma

and as there was evidence upon that point which would support such a finding, it is conclusive upon us, since the affirmance of the judgment by the Appellate Division.

Upon the plaintiff's appeal, the question is made whether the evidence to establish his guilt was sufficient in law. If he had been guilty of adultery, then he was not entitled to the divorce prayed for. (Code Civ. Pro. § 1758, subd. 4.) That evidence was given, in part, by three detectives, who were employed to watch the plaintiff and to report his conduct, and, in part, by a woman, who had charge of that portion of the house in which was the room where the detectives testified to finding the plaintiff under the criminating circumstances. The testimony of the detectives was to the effect that the plaintiff was followed; that he with a woman, not the defendant, went into a certain house, in the city of New York, and that they found him and the woman together in a room, under circumstances which would warrant the inference of their illicit relations. It is contended that, within the doctrine of certain cases in this court, their testimony was insufficient as evidence, unless corroborated. The reference is to the cases of *Moller* v. *Moller*, (115 N. Y. 466), and *McCarthy* v. *McCarthy*, (143 ib. 235); where a very salutary rule was prescribed for the governance of courts in such cases, that the evidence of detectives, or of persons of so wholly debased a character as are prostitutes, which is adduced as the basis for the rendition of a judgment with such serious consequences, should receive some corroboration in order to command the judicial confidence. The rule of those cases, however, is not a rule of evidence, but one for the guidance of the judicial conscience. It is not one which affects a judgment rendered upon evidence and affirmed upon review by the Appellate Division. However the evidence may be criticised, with respect to its character, or to its weight, if it was such as to support the conclusions of the trial judge, or referee, and the judgment recovered is subsequently affirmed, the controversy should be deemed closed in this court. If we were to assume, however, that the question is open to us, whether the proofs below amounted

to evidence which would support a judgment, we should say that there was corroboration of the detectives' evidence. The corroboration which such evidence should receive must, simply, be such as to justify a belief that the incriminating testimony given is true. Slight corroboration would be sufficient. Here it is found in the testimony of the woman, who had charge of the house in which the plaintiff was found by the detectives. Her testimony was that the detectives were in the house on the night in question; that one of them asked to see the plaintiff; that she took him to his room, rapped on the door and heard him respond and that she "heard some disturbance after that." She did not see the woman in the room; but it was not essential that that fact, while a material one in the case, should be testified to by her. Her testimony established, if believed, the material fact of the presence of the detectives in the house and of that of Winston.

The plaintiff did not take the stand to deny the testimony of the detectives and, in our judgment, there was that corroboration of the testimony which the referee might be satisfied with.

The judgment should be affirmed; but without costs to either party.

Parker, Ch. J., O'Brien, Haight, Landon, Cullen and Werner, JJ., concur.

Judgment affirmed.