YATES v. YATES.

(Supreme Court, Appellate Division, Fourth Department.   November 15, 1911.)

Appeal from Special Term, Erie County.

Action by Russell P. Yates against Frances Yates for divorce. From an interlocutory judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, and from a final judgment for plaintiff, defendant appeals.   Affirmed.

See, also, 136 App. Div. 913, 120 N. Y. Supp. 1151.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Moses Shire, for appellant.
Chas. Diebold, for respondent.

PER CURIAM.   Final and interlocutory judgment and order affirmed, without costs.   All concur, except SPRING, J., and KRUSE, J., who dissent.

KRUSE, J. (dissenting).   Each party seeks a divorce against the other.   The defendant's counterclaim, as well as the plaintiff's complaint, contains charges which, if true, furnish sufficient grounds for a divorce.   But, if both are guilty, neither is entitled to a divorce.   The plaintiff has succeeded so far, but the defendant upon this appeal attacks the judgment upon the ground, among others, that the trial court erred in holding that the evidence which she produced against her husband was insufficient to submit to the jury the question of the defendant's misconduct.

After joinder of issue the question of the misconduct of each party was directed to be tried by a jury, as is provided by section 1757 of the Code of Civil Procedure.   The questions were framed at Special Term, but the only one submitted to the jury at the trial was that involving the misconduct of the defendant, although the testimony, if true, was amply sufficient to justify a finding that the plaintiff was also guilty of misconduct.

The specific ground upon which the trial court refused to submit that question is that the evidence came from a private detective and was not corroborated.   The jury answered the question submitted to it against the defendant.   The defendant made a motion for a new trial, which was denied, and thereafter the evidence and the verdict of the jury was submitted to another judge at Special Term, who granted an interlocutory judgment of divorce against the defendant, which was thereafter made absolute.

I think the question of plaintiff's misconduct should have been submitted to the jury.   It is said that the evidence of prostitutes or private detectives is insufficient to support a judgment of divorce, unless corroborated.   But the Court of Appeals has held that that rule is not a rule of evidence, but one for the guidance of the judicial conscience, and that a judgment rendered upon such evidence, and affirmed by the Appellate Division, if it supports the conclusions of

the trial court, should be affirmed by the Court of Appeals. Winston v. Winston, 165 N. Y. 553, 59 N. E. 273. If evidence of that character is sufficient to uphold a judgment there, I do not see how the trial court could properly refuse to submit the question to the jury here.

We are not now dealing with a case where the finding of the jury is disregarded or set aside as against the weight of the evidence. Furthermore, the effect of a finding against the plaintiff would not give a divorce to the defendant. It would only prevent the plaintiff from obtaining one, since the evidence supports the finding that the defendant committed the offense charged. The case, as it comes to us, does not present the question which of the parties is entitled to a divorce, but whether there should be any divorce at all, in favor of either party. I also think that there is some corroborating evidence, although slight.

Beyond that, the plaintiff, although present in court, did not see fit to deny the specific acts of misconduct charged against him and testified to in his presence, although he was entirely competent to testify upon that subject. Code Civ. Proc. § 831. While he was called as a witness for the defendant upon another point, and had full opportunity to deny the charges, he saw fit to remain silent.

There is no question of collusion between the parties to allow one or the other to obtain a divorce. Each is apparently doing his or her best to defeat the other. I think, under the circumstances, it should not be held that there was not sufficient evidence to submit the question of plaintiff's misconduct to the jury, and that a new trial should be ordered.