MARY ENDERS, Plaintiff, *v.* HENRY ENDERS, Defendant.

(Supreme Court, Kings Special Term, January, 1914.)

Divorce — not authorized by uncorroborated testimony of detective — motion to confirm referee's report denied.

> The law of New York does not authorize the granting of a divorce upon the bare and uncorroborated testimony of a hired detective.
>
> Where, on the trial of a wife's action for divorce, she was asked questions which were legally incompetent, and she alone identified a photograph of defendant which her hired detective, the only other witness, used as his sole source of knowledge as to the identity of defendant with the man whom he followed and whose acts he testified to as being the acts of plaintiff's husband, except that at the trial defendant was pointed out to him, and there is not a scintilla of evidence to corroborate the detective's story, a motion to confirm the report of the referee in plaintiff's favor will be denied and a new trial ordered before another referee.

MOTION to confirm the report of a referee.

Maxwell Wyckoff, for plaintiff.

Grover M. Moscowitz, for defendant.

BENEDICT, J. The court is asked upon this application to confirm the report of a referee in an action for absolute divorce. This is required because the judg-

38

ment, must be rendered by the court and cannot be taken, as of course, upon the referee's report. Code Civ. Pro. § 1229.

The parties were married in this state on May 17, 1896, and have since resided therein. They have two children. By mutual consent they separated in or about June, 1913, and the defendant made an agreement to pay to the plaintiff the sum of $20 a week for the support of herself and the two children, and this payment has been continued to the present time, first pursuant to such agreement and afterward under an order of this court made on October 6, 1913. The complaint which was verified on September 17, 1913, charged the defendant with the commission of the statutory offense on the 6th of September, 1913, with a woman unknown to the plaintiff in a hotel in the borough of Manhattan. The defendant served upon September 24, 1913, his answer, which was as the statute permits unverified. Upon October thirty-first, upon a consent signed by the attorneys and some supporting affidavits, an order of reference was made to hear and determine the issues. The trial took place on November seventh and the referee's report was filed on December eighteenth, and on December eleventh the plaintiff served anticipatory notice of application to confirm the referee's report " filed herein, the 18th day of December, 1913," and obtained an admission from the defendant's attorney dated December 11, 1913, of due service of the said notice and of the proposed interlocutory judgment accompanying the same. Although the stenographic transcript of the minutes upon the trial shows that the defendant moved, when the plaintiff rested, to dismiss the complaint on the ground that the plaintiff had failed to prove a cause of action and took an exception to the referee's refusal to dismiss, yet he did not appear on the motion for

confirmation nor offer any objection to the granting of the interlocutory judgment of absolute divorce against him.  I have been somewhat particular to review the steps in this litigation because I shall not confirm the report for the reasons hereafter given and because this seems a suitable occasion for calling the attention of the bar to several matters which should not be overlooked in cases like this.  And I say at the outset that it is not my intention to criticize the referee for having entertained a case where the circumstances might in some minds create a suspicion as to the good faith of the suit.  But, as I view it, it illustrates the advisability of the trial of divorce cases before the court rather than in the privacy of a referee's chambers; unless the nature of the claim and defense be such as to insure a *bona fide* contest.  Of course, judges cannot always detect collusion when it is present in the divorce cases which they hear, especially in those which are undefended, but constant experience in sifting evidence in matrimonial controversies is some safeguard against a fraud on the court.

Although the record in this case as outlined above presents some grounds for suspicion, I should probably give the plaintiff the benefit of the doubt which has arisen in my own mind were it not for a much more serious difficulty in her position.  The referee should, in my opinion, have granted the defendant's motion to dismiss the complaint.  Only two witnesses were sworn on the trial, the plaintiff herself and a hired detective.  The plaintiff was asked some questions which the law holds to be incompetent in such actions and she alone identified a photograph of the defendant.  The other witness, the private detective, used this photograph as a means of identification of the defendant while upon his trial and it was the only source of his knowledge as to the identity of the de-

fendant with the man whom he followed and whose acts he testified to as being the acts of the plaintiff's husband, except that at the trial the defendant was pointed out to him.

He says that on the day on which the complaint charges the unlawful act was committed he, the witness, followed the defendant to the hotel in question, being accompanied by a man in his employ who was not produced as a witness on the trial although still working for the detective as he said " on and off." It will serve no useful purpose to restate the testimony of the detective. Its character was open to some criticism, but doubtless it would serve, if corroborated, to support the charge. It was wholly uncorroborated, however, and the law of this state does not authorize the granting of a divorce upon the bare and uncorroborated testimony of a hired detective. As Judge Earl said in *Moller* v. *Moller,* 115 N. Y. 466: " The courts have come to regard the uncorroborated evidence of such witnesses insufficient to break the bonds of matrimony. (*Sopwith* v. *Sopwith,* 4 Sw. & Tr. 246; *Ginger* v. *Ginger,* L. R. 1 P. & D. 38; *Banta* v. *Banta,* 3 Edw. Ch. 295; *Turney* v. *Turney,* 4 id. 566; *Platt* v. *Platt,* 5 Daly, 295; *Anonymous,* 5 Robt. 611.)" The reason for the rule that such testimony should be minutely scrutinized and corroborated either by the facts and circumstances in evidence or by the direct testimony of other witnesses is well stated in *Blake* v. *Blake,* 70 Ill. 618, 622, in this wise: " When a man sets up as a hired discoverer of supposed delinquencies, when the amount of his pay depends upon the extent of his employment, and the extent of his employment depends upon the discoveries he is able to make, then the man becomes a most dangerous instrument."

I am aware that Judge Bartlett wrote in *McCarthy* v. *McCarthy,* 143 N. Y. 235, 238, that slight corrobora-

tion is sufficient in view of the fact that the defendant failed to take the stand in his own behalf; and ·that in another case Judge Gray wrote that the rule requiring corroboration is not a rule of evidence but one for the guidance of the judicial conscience; but I do not overlook the fact that in the case last cited (*Winston* v. *Winston,* 165 N. Y. 553) Judge Gray. also said that if the question were open in the Court of Appeals, that there *was* corroboration of the detective's evidence, and he pointed out what that evidence was; and so his generalization while true was unimportant. In the case at bar there was absolutely not a scintilla of evidence of any description to corroborate the detective's story, and so I say that his evidence must not be relied upon to establish any material fact in support of the complaint; and the defendant's motion to dismiss the complaint should have been granted.

The motion to confirm the report of the referee is for this reason denied and a new trial is ordered, which under the law must be had before another referee appointed upon application of either party. Code Civ. Pro., § 1012. See, also, *Schroeter* ·v. *Schroeter,* 23 Hun, 230; *Gorham* v. *Gorham,* 40 App. Div. 564; *Galloway* v. *Galloway,* 92 id. 300; *Perkins* v. *Perkins,* 130 id. 193, 197; *White* v. *White,* 138 id. 272.

Motion denied.