[Sac. No. 2226. Department One.—November 15, 1915.]

ORLANDO LAMPSON, Appellant, v. GERTIE EUGENE LAMPSON, Respondent.

DIVORCE—DESERTION BY WIFE—CUSTODY OF CHILD—SUPPORT OF CHILD.— In an action for divorce by the husband based on the desertion of the wife the court has discretion to give the custody of a minor child of the marriage to the mother and require the husband to contribute or provide for its support.

ID.—FAULT OF WIFE—PERMANENT ALIMONY NOT ALLOWABLE.—Where a divorce is granted to the husband for the fault of the wife, no other circumstances appearing, the court has no power to allow permanent alimony to the wife.

ID.—DESERTION BY WIFE—SUPPORT OF WIFE.—The husband cannot be required to support the wife when without his fault and against his will she voluntarily deserts and lives apart from him.

ID.—PERMANENT ALIMONY—NOT AUTHORIZED BY SECTION 137 OF THE CIVIL CODE.—An allowance to the wife in the nature of permanent alimony in an interlocutory decree of divorce granted on the ground of desertion by the wife is erroneous, and finds no support in section 137 of the Civil Code, which authorizes the court to order payments by the husband to the wife for maintenance, support of child, and prosecution of the suit only while the action is pending,

APPEAL from a judgment of the Superior Court of San Joaquin County.   C. W. Norton, Judge.

The facts are stated in the opinion of the court.

J. C. Webster, and Webster, Webster & Blewett, for Appellant.

Lawrence Edwards, for Respondent.

SHAW, J.—The plaintiff has appealed from an interlocutory judgment of divorce.

The judgment grants a divorce to the plaintiff, the husband, because of the desertion of the wife.   The court found that there was a child of the marriage, then two years of age, that each parent was a fit and proper person to have its custody, but that the interests of the child, coupled with its tender years, required that it be given to the custody of the defendant.   There was also a finding that the defendant had no means of support, and that the plaintiff was in receipt of wages amounting to ninety dollars per month.   The judgment provided that the defendant should have the custody of the child and that the plaintiff should pay her fifteen dollars a month for its support, and ten dollars a month for her own support, until further order.

The court unquestionably has discretion in such a case to give the custody of the child to the mother and to require the father to contribute to or provide for its support.   The objections to that part of the judgment are without merit.

Where a divorce is granted to the husband for the fault of the wife and nothing further appears concerning the circumstances, as is the case here, the court has no power to allow permanent alimony to the wife.   This is thoroughly established by our decisions.   (*Everett* v. *Everett*, 52 Cal. 384; *Hagle* v. *Hagle*, 74 Cal. 608, [16 Pac. 518]; *Peyre* v. *Peyre*, 79 Cal. 336, [21 Pac. 838]; *Ex parte Spencer*, 83 Cal. 464, [17 Am. St. Rep. 266, 23 Pac. 395].)   These cases also establish the proposition that the husband cannot be required to support his wife when, without his fault and against his will, she voluntarily deserts him and lives apart from him.   All these facts are implied from the finding that she is guilty of desertion.   The decisions are to the effect that section 137 of the Civil Code does not create any liability against the hus-

band in such cases. That section authorizes the court, while the action for divorce is pending, to require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action. The allowance of fifteen dollars a month for the support of the child is authorized by this provision. The allowance of ten dollars a month was avowedly given to the wife for her own support. It was obviously not intended as an award of alimony to enable her to prosecute or defend the action. The interlocutory judgment purports to settle all the issues arising in the case and to establish and declare all the rights arising therefrom, except such future directions as may be advisable regarding the child or the amounts allowed. Nothing remains to be done respecting the divorce or property rights except, in due time, to grant and enter a final judgment of divorce under the statute. The allowance of ten dollars a month is in the nature of permanent alimony. Under the above decisions it is clearly erroneous.

The judgment is modified by striking therefrom the provision that plaintiff pay defendant the sum of ten dollars a month. As thus modified the judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.