[Crim. No. 2084. Second Appellate District, Division One.—August 21, 1931.]

In the Matter of the Application of EMMETT W. McKENNA for a Writ of Habeas Corpus.

John J. Craig for Petitioner.

E. A. Kline for Respondent.

YORK, J.—This is an application for a writ of *habeas corpus* based principally upon the ground that the trial court was without jurisdiction to punish petitioner for contempt. The commitment was issued after the court had made two orders, one of which found the petitioner guilty of contempt of court for failure to pay alimony, and sentenced the petitioner to two days in the county jail, which order was afterward modified by the second order, and was made on application of petitioner, permitting him to pay $5 per month until he should have paid the sum of $60 ordered to be paid by him by an order made April 25, 1930, on which he had paid the sum of $10. Upon hearing of an order to show cause why plaintiff should not be punished for contempt, had on April 29, 1931, the court issued

the commitment sentencing plaintiff to the county jail for two days.

The only judgment in this case ordering alimony is the judgment which was made by alteration of the original judgment, which alteration was made by stipulation entered into between the parties. The action was one for divorce, wherein the petitioner was granted a divorce from his wife on the ground of extreme cruelty. No order was made at that time providing for alimony and there were no children of the marriage. It was held in *Lampson* v. *Lampson,* 171 Cal. 332 [153 Pac. 238], and is provided in section 139 of the Civil Code, that the court has no jurisdiction to grant permanent support to a wife when the divorce is granted to the husband for the fault of the wife.

In this case the judgment was entered by consent, which provided for permanent support of the wife. The court was without jurisdiction to grant permanent support to the wife by reason of the fact that the divorce was not granted to her, but was granted to her husband for her fault, and jurisdiction cannot be conferred upon the court by consent or stipulation (*Yore* v. *Superior Court,* 108 Cal. 431 [41 Pac. 477]), and the parties cannot make an effective waiver of such lack of jurisdiction by stipulation. (*Marin Municipal Water Dist.* v. *North Coast Water Co.,* 178 Cal. 324, at 328 [173 Pac. 469]; *In re McCarty,* 154 Cal. 534 [98 Pac. 540].)

The petitioner is ordered discharged.

CONREY, P. J., Concurring.—I concur in the judgment. It is clear, however, that the commitment under which the petitioner was placed in custody is not based upon the two orders mentioned in the opinion. The commitment is itself a copy of the order finding the defendant guilty of contempt and directing his imprisonment therefor. This commitment or order purports to find that the defendant is in contempt by reason of his failure to comply with a judgment entered on the seventh day of January, 1929, ordering that the plaintiff pay the defendant $60 per month. But said judgment contained no such order. ■ It is conceded that the judgment of January 7th was an interlocutory decree, merely determining that the plaintiff husband was entitled to a

divorce from the defendant, without making any provision for support of the wife. It appears that on February 29th, six weeks after the date of the interlocutory decree, the parties by stipulation prevailed upon the court to attempt to modify the interlocutory judgment by adding thereto an order that the plaintiff pay to the defendant the sum of $60 per month, "said payments to continue until defendant remarries". The provision in the said amendment to the decree, in accordance with the stipulation, that such payments should constitute a full and complete settlement of any and all property rights "now existing or which may hereafter exist between the parties hereto," is not sufficient to deprive said amendment of its true character, which is that of an attempt to require the payment of alimony. Considered in that aspect the amendment was void, because there is no authority in law by which a court in granting a divorce to the husband for the fault of the wife may at the same time compel him to pay alimony to the wife. (*Lampson* v. *Lampson,* 171 Cal. 332 [153 Pac. 238]; *Mc-Kannay* v. *McKannay,* 68 Cal. App. 701, 705 [230 Pac. 214].)

I agree that the petitioner should be discharged from custody.

Houser, J., concurred.