[Civ. No. 11409.   Second Appellate District, Division One.—May 24, 1938.]

MARIE K. CHIRGWIN, Appellant, v. FREDERICK H. CHIRGWIN, Respondent.

Joseph I. King for Appellant.

Barker & Keithly for Respondent.

YORK, P. J.—This is an appeal from a judgment in favor of the respondent in an action brought to recover money due on a foreign judgment, as well as an appeal from an order denying motions to vacate the judgment and for a new trial.

It appears from the record herein that the appellant, Marie K. Chirgwin, and the respondent, Frederick H. Chirgwin, intermarried on June 30, 1929, in the city of New York and were there living on December 11, 1933, when appellant commenced an action against respondent for separate maintenance on the ground of extreme cruelty, abandonment and failure to provide. The respondent was personally served with process in said action in New York on December 11, 1933. He failed to answer or appear therein, and left New York the next day, i. e., December 12, 1933. He became a resident of the state of Nevada some time prior to December 25, 1933, and on February 5, 1934, filed in the state of Nevada an ac-

tion for divorce against appellant on the ground of extreme cruelty. Constructive service only was had upon appellant in the Nevada divorce action, she failed to answer or appear thereon, and on March 13, 1934, a decree of divorce was entered in the state of Nevada in favor of respondent, which judgment actually became final on the same day. After due proceedings in the separate maintenance action in New York a decree of judicial separation was entered on April 16, 1934, which awarded to appellant the sum of $30 per week for her support and maintenance and her costs of action. At no time did either defendant in the New York action or in the Nevada action make any attempt to have the respective judgments modified or set aside.

The instant action was prosecuted in California in the name of an assignee of appellant, to recover sums which she alleged had accrued under the New York judgment, but during the course of this proceeding Marie K. Chirgwin was substituted as party plaintiff, pursuant to a reassignment and an order of the court. Appellant, said Marie K. Chirgwin, is still a resident of the state of New York, and the respondent is now a resident of the state of California.

In defense of this California action, respondent pleaded the Nevada divorce decree as evidence of the prior termination of the marital relation and therefore an absolute bar to the right of the New York court subsequently to make any award in appellant's favor in the separate maintenance action.

At the trial appellant rested her case entirely upon the New York judgment and a written stipulation of facts filed herein; the trial court rendered its judgment in favor of respondent, and upon this appeal appellant contends that the said judgment is erroneous because (1) the trial court failed to give full faith and credit to the New York judgment; and (2) the Nevada decree is immaterial in that it is evidence only in a proceeding affecting the marital relation between the parties, and the action at bar is not such a proceeding.

Respondent urges that the Nevada decree of divorce absolutely terminated the marital status of the parties hereto and that the New York judgment in the separate maintenance action is unenforceable because of such prior termination of the marital status.

The right to separate maintenance without applying for a divorce "rests on the fact that the relation of husband

and wife exists and a decree awarding such maintenance contemplates the existence of the marital relation not only when the decree is made but also during its life. It would seem to follow therefore, that if the wife or husband should thereafter bring an action for divorce, the decree in that action would be conclusive of the rights of the parties, and if it contained no provision for support, it would necessarily terminate the allowance therefor made in the action for separate maintenance.'' (1 Cal. Jur. 1038, citing *Simpson* v. *Simpson*, 21 Cal. App. 150 [131 Pac. 99] ; *Cardinale* v. *Cardinale*, 8 Cal. (2d) 762 [68 Pac. (2d) 351].)

In the case of *In re Ferry's Estate*, 155 Misc. 198 [279 N. Y. Supp. 919, 921] (1935), it is stated: ''Under the full faith and credit clause of the Federal Constitution (Art. IV, sec. 1) a state is not compelled to recognize a divorce granted in another state without obtaining jurisdiction of the defendant, but in accordance with its own public policy may recognize such a divorce. (*Haddock* v. *Haddock*, 201 U. S. 562 [26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1].) . . .

''The adjudged policy of this state has been to refuse to recognize as binding a decree of divorce obtained in a court of a sister state, not the matrimonial domicile, upon grounds insufficient for that purpose in this state, when the divorced defendant resided in this state and was not personally served with process and did not appear in the action. (*Hubbard* v. *Hubbard*, 228 N. Y. 81, at page 84, 85 [126 N. E. 508, 509], reciting *Olmsted* v. *Olmsted*, 190 N. Y. 458 [83 N. E. 569, 123 Am. St. Rep. 585], affirmed 216 U. S. 386 [30 Sup. Ct. 292, 54 L. Ed. 530, 25 L. R. A. (N. S.) 1292] . . . ; *Winston* v. *Winston*, 165 N. Y. 553 [59 N. E. 273]), and the reason for the stated policy of this state is its statutory adoption of the rule that there may be of right but one sufficient cause, to wit, adultery, for absolute divorce.

''A judgment of a sister state cannot push its effect into another state to the subversion of its laws and defeat of its policy (*People* v. *Baker*, 76 N. Y. 78, 88 [32 Am. Rep. 274]) and also 'public policy will not permit us to give effect, as against our own citizens, of a judgment affecting their marital status, so obtained on grounds thought by us to be insufficient' (*Ball* v. *Cross*, 231 N. Y. 329, 331 [132 N. E. 106, 107, 39 A. L. R. 600]).'' See, also, *Johnson* v. *Johnson*, 146 Misc. 93 [261 N. Y. Supp. 523] (1933).

■ However, it is settled beyond dispute that a court of one state may, "upon principles of comity, recognize and give effect as a dissolution of the marriage relation to a divorce granted in another state, although not the matrimonial domicile, to one who had a *bona fide* domicile in that state, upon constructive or substituted service of process, notwithstanding that such divorce is not within the protection of the full faith and credit provision. (*Haddock* v. *Haddock,* 201 U. S. 562 [26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1]; *DeBouchel* v. *Candler,* 296 Fed. 482; *Hubbard* v. *Hubbard,* 228 N. Y. 81 [126 N. E. 508]; *Ball* v. *Cross,* 231 N. Y. 329 [132 N. E. 106, 39 A. L. R. 600]; *In re Baker,* 112 Misc. 295 [183 N. Y. Supp. 139].)" (39 A. L. R. 616.)

It was stated in the case of *DeBouchel* v. *Candler, supra,* 296 Fed. 482, 485, referring to the full faith and credit provision of the Constitution: " . . . nor is the provision applicable at all save to judgments rendered with jurisdiction, which is the power to adjudge, and jurisdiction may be collaterally inquired into. A fundamental principle to be regarded in determining jurisdiction is, that judgments affecting purely personal rights must be founded on service within the territorial jurisdiction of the court on the party to be affected, but that judgments *in rem*—that is, affecting a particular thing—may be rendered by a court having possession and just control of the thing, though the persons interested in it are absent from the territorial jurisdiction and can be notified only by service other than personal. A divorce, in some of its incidents such as alimony, is *in personam,* but in its fixation of matrimonial status it is substantially *in rem.* Having regard to these principles, the following propositions are believed to be established, and, if recognized and observed, will make a fair certainty as to the validity of a divorce decree in states other than that where it is made: . . .

"5. If either spouse removes to another state *animo manendi,* and acquires there a domicile, a jurisdiction arises in such state, based on its interest in, and right to fix, the matrimonial status of its new inhabitants, in virtue of which it may decree such status. After such length of residence as it may fix, and for such causes as it may allow, a divorce may be granted effective within such state; but, if made on substituted service, and perhaps when on personal service if in

evasion of the laws of another state, it is not entitled to full faith and credit in other states, but will by comity be recognized, if not detrimental to their policy or interests. . . .

"7. The actual domicile of one party or the other in the state in which a decree of divorce is granted being thus essential to the jurisdiction to make it, whether such domicile in fact exists may be collaterally inquired into when the decree is sought to be used in another state. If it clearly appears that such domicile was lacking, the decree will be treated as a nullity, and the status of the parties unaffected thereby.

"8. The finding of the fact of domicile by the court making the decree raises a presumption that it existed. After a lapse of time, and especially after the rights of other persons have intervened on the faith of the decree, the clearest and most satisfactory proof should be required to overcome the presumption."

In the instant action the court found that the respondent "was a *bona fide* resident of and was in good faith domiciled in said state of Nevada and in the county of Washoe therein continuously for and during a period next prior to the commencement of said last mentioned divorce action, longer than the period as to which residence within said state was necessary and required to give said last mentioned court jurisdiction of said divorce action . . . " It was also found that appellant and respondent "separated prior to the commencement of said divorce action and lived separate and apart thereafter; that said Marie K. Chirgwin's treatment of and conduct toward said Frederick H. Chirgwin, in part as hereinafter found, was such as that he was thereby and at all times during the period of their separation and prior to the rendition of said decree of divorce justified in living separate and apart from her (and he did so on such account) and in acquiring as aforesaid a separate residence and domicile within the state of Nevada and in taking, and that he did take to such separate residence and domicile within said state of Nevada the marital status and *res* resulting from his marriage with said Marie K. Chirgwin; and that said Marie K. Chirgwin by such conduct on her part consented to have said marital status and *res* and her interest therein and right to the continuance thereof passed upon, determined and adjudicated by said court of the state of Nevada. . . . and that said Marie K. Chirgwin was and is bound by said decree. . . .

"That said purported New York decree is invalid and unenforceable as against defendant and that said supreme court of the state of New York did not at the time of the rendition of said decree have jurisdiction to render the same."

This appeal is presented to this court upon a bill of exceptions and only a portion of the evidence adduced at the trial is shown therein. Therefore, this court is bound by the findings of fact made by the trial judge in so far as they are consistent with the written stipulation of facts and such fragmentary evidence as is contained in said bill of exceptions.

As hereinbefore shown, this action on the New York judgment was brought in the state of California, and the trial court found that said New York judgment was invalid and unenforceable. In said action appellant asserted the validity of the New York judgment, but made no attack on the Nevada decree except as to its legal effect as shown upon its face. This court, therefore, is not concerned with the status of either the New York judgment or the Nevada decree of divorce in the states of Nevada or New York. There is nothing in the record which would prevent the trial court from making any of the findings which were made, and the trial court having found that respondent was justified in acquiring and that he did so acquire a residence and domicile in the state of Nevada, it is apparent that the requirements have been met which would entitle the Nevada decree of divorce to recognition by the courts of California.

Although personal service was obtained in the New York action and constructive service only was had in the Nevada action, taking into consideration all of the facts and circumstances as well as the absence of an attack upon the Nevada decree by appellant for fraud, the courts of this state are bound to recognize the termination of the marital status prior to the rendition of the judgment in the New York action, which judgment could only be rendered in favor of the wife against her husband, while he was still her husband.

Since it was found by the trial court that the marital status of the parties was terminated by the Nevada decree of divorce prior to the rendition of the New York judgment and that the New York court was therefore without jurisdiction to render its judgment in the separate maintenance action, the

judgment appealed from should be, and it is, affirmed. The order denying the motion to vacate the judgment is also affirmed, and the appeal from the order denying motion for a new trial is dismissed.

Doran, J., and White, J., concurred.