[Civ. No. 10070.   Third Dist.   Oct. 2, 1961.]

GEORGE SALVATO, Appellant, v. MARY J. SALVATO, Respondent.

Huberty and Huberty for Appellant.

P. Basil Lambros and Samuel Z. Winnikoff for Respondent.

VAN DYKE, P. J.—This is a judgment roll appeal from that portion of an interlocutory decree of divorce which awarded respondent $50 a month alimony.

Appellant brought this action for divorce on the ground of extreme cruelty. Respondent filed a cross-complaint alleging cruelty on the part of appellant and praying for separate maintenance. The trial court expressly found that each of the parties was guilty of extreme cruelty toward the other and granted appellant an interlocutory decree of divorce but awarded alimony to respondent.

Appellant contends that when a divorce was granted to appellant the court then lacked power under any circumstances to order permanent alimony paid to respondent, saying such an order is prohibited by Civil Code section 139, which in material part reads as follows:

"In any interlocutory or final decree of divorce or in any final judgment or decree in an action for separate maintenance, the court may compel the party against whom the decree or judgment is granted to make such suitable allowance for support and maintenance of the other party for his or her life, . . . ."

Appellant cites and relies on such cases as *Lampson* v. *Lampson,* 171 Cal. 332 [153 P. 238], and *In re McKenna,* 116 Cal.App. 232 [2 P.2d 429]. From *McKenna* he quotes the following:

". . . The court was without jurisdiction to grant permanent support to the wife by reason of the fact that the divorce was not granted to her, but was granted to her husband for her fault, . . . ."

We think, however, the quoted holding is too broad and that under the findings here the court had power to make the order it did.

In *Galland* v. *Galland,* 38 Cal. 265, 267—recently cited with approval in *Hudson* v. *Hudson,* 52 Cal.2d 735, 743 [344 P.2d 295]—the Supreme Court said:

"The statute of this State regulating divorce and alimony, entitles the wife to a divorce if the husband has deserted her for two years; and on filing her complaint, the Court is authorized to grant her alimony, *pendente lite*—and permanent alimony, if she obtains the divorce. But there is no provision of the statute which authorizes an application for alimony, except in connection with a prayer for divorce; and it is claimed on behalf of the defendant, that, inasmuch as provision is made for the allowance of alimony only on an application for divorce, it was the intention of the Legislature to limit the power of the Court to grant alimony to that class of cases. The maxim '*expressio unius est exclusio alterius*' is invoked as applicable to this proposition. But, in my opinion, it has no application to the case. The main subject-matter of the statute was the regulation of divorce; and only as incidental to that subject the statute prescribes the power of the Court in respect to alimony in that class of cases. The Legislature was not dealing with the general subject of alimony, as an independent subject-matter of legislation; but, only, as one of the incidents of an application for divorce. It saw fit to define the power of the Court over the allowance of alimony on an application for divorce; but was not considering the subject of alimony in any other class of cases. . . . [A] provision for alimony in a suit for divorce is not to be considered as a declaration that alimony shall not be allowed in other actions. The maxim which is invoked has no application to this class of cases."

We are persuaded that the rule in *Lampson* and *McKenna* ought not to be here applied. The action here was not a mere "application for divorce." Respondent, having, as the court found, a cause of action for divorce against appellant, elected, perhaps because of personal or religious scruples, to prove the facts in support of a cross-complaint for separate maintenance. This she had a statutory right to do.

And this right should not be circumscribed and limited by slavish adherence to a rule obtaining in a simple action for divorce where the fault of the defendant alone is in issue. Had defendant sued for divorce the court could, and no doubt

would, have granted a divorce to both parties in order to escape from the rule declared in *Lampson* and *McKenna* and do justice. But is the rule so rigid that in a situation such as this record presents gross injustice must be done or a wronged wife must seek an unwanted divorce? We think not.

This is a judgment roll appeal. Therefore every presumption must be indulged in support of the judgment if the court had power to pronounce it.     The opinion of the trial court demonstrates that both parties proved a cause of action for divorce and further satisfied the court that there was equality of fault and that the legitimate ends of marriage had been rendered impossible of attainment. Young children were involved and a continuance of the unhappy marital community would no doubt adversely affect them. The court said:

"In view of the fact that acts constituting grounds of divorce upon extreme cruelty have been found to have been also committed by plaintiff upon defendant, and that the latter has been without any means of support since her separation from plaintiff, other than some partial support payments, the Court believes and finds that the defendant should be entitled to alimony . . . ."

We see no reason why, in line with the modern and enlightened policy evinced in such cases as *De Burgh* v. *De Burgh*, 39 Cal.2d 858 [250 P.2d 598], *Hull* v. *Superior Court*, 54 Cal.2d 139 [5 Cal.Rptr. 1, 352 P.2d 161], *Hudson* v. *Hudson, supra,* and others, it should not be declared that in this case and on this record alimony could be granted to the wronged wife.

That portion of judgment appealed from is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 29, 1961.

---

*Assigned by Chairman of Judicial Council.