[Civ. No. 32110. Second Dist., Div. One. May 1, 1968.]

HENRY J. RETHORST, Plaintiff and Appellant, v. STATTIE E. RETHORST, Defendant and Respondent.

714

Benjamin M. Reinhardt and Joseph W. Hawks for Plaintiff and Appellant.

Howard E. Vleerick for Defendant and Respondent.

FOURT, J.—Henry J. Rethorst appeals from that portion of the interlocutory judgment which awards him a divorce and his wife a decree of separate maintenance and which further provides that appellant shall pay $400 per month for respondent's support and maintenance.

Appellant contends that the evidence was insufficient to support the decree of separate maintenance or the alimony award; that respondent's attorney improperly resorted to leading questions at the trial; and that the court erred in granting both an interlocutory judgment of divorce to appellant and a decree of separate maintenance to respondent. These contentions are without merit.

After 23 years of marriage, appellant in 1966 filed an action for divorce in which his wife cross-complained for separate maintenance, each alleging extreme cruelty. The interlocutory decree granted to each party the prayed-for relief, divided the community property and required appellant to pay for respondent's support the sum of $400 per month for 24 months and $350 per month thereafter "until further order of court."

Appellant first contends that the evidence was insufficient to entitle respondent to a decree of separate maintenance. ██ Where findings of fact and conclusions of law have been expressly waived by the parties, as in the present case, the court will presume "that the trial court found in favor of . . . [respondent] on all essential issues warranted by the evidence which are necessary to support the judgment and against . . . [appellant] on such issues." (*Reid* v. *Valley Restaurants, Inc.*, 48 Cal.2d 606, 609 [311 P.2d 473].) Although this presumption is not conclusive, we are bound to view the record, which includes the evidence before the trial court, in accordance with the foregoing rule. ██ Respondent testified that her husband's domineering conduct, his continuous and persistent suppression of her personality, intimidated her and induced in her a nervous condition and illness which required psychiatric treatment and hospitalization. Jennie Rethorst, adult daughter of the parties, testified that her parents occasionally shouted at one another and that as soon as they moved to California her father informed her

of his intention to divorce her mother once residence was adequately established. Respondent, who spent several months in the psychiatric ward of a hospital in Bethesda, Maryland, where she had electric shock therapy during 1963, suffered a relapse in California and was again hospitalized during the spring of 1966. Upon her discharge in July she acceded to her husband's arrangements for her to recuperate at her sister's home in New Jersey. Immediately after she left the state, appellant filed this divorce action and made arrangements for their daughter to live with him separate and apart from respondent on her return. The court was amply justified in concluding that a condition of severe hostility prevailed between the parties and that respondent was entitled to relief.

Appellant also claims that substantial testimony was introduced by respondent's attorney through the use of improper leading questions. "This complaint has some foundation for its support. Of course, such manner of examining a witness on direct examination by the party producing him is improper, sometimes allowable, however, in the discretion of the court, where the situation is such, as sometimes it does arise, as to make questions so framed necessary. But questions in such form are, comparatively speaking, rarely propounded by one to his own witness on direct, and, when considered by the light of the record in its entirety, are generally not justly regarded as so serious in their effect upon the rights of the opposing party as to justify, for that reason alone, a reversal. It is perfectly clear that such objectionable form of the propounding questions to one's own witnesses, as was followed in the instances referred to here, could not, as an examination of the record will readily and convincingly show, as thus we have been satisfied, have affected, to his disadvantage or prejudice, any of the substantial rights of the . . . [appellant]." (*Latky* v. *Wolfe,* 85 Cal.App. 332, 346 [259 P. 470].) This matter lies within the purview of the trial court's sound discretion, the exercise of which will not be altered unless a palpable abuse appears. (*Estate of Siemers,* 202 Cal. 424, 437 [261 P. 298]; *White* v. *White,* 82 Cal. 427, 452 [23 P. 276, 7 L.R.A. 799].)

Appellant further contends that the court erred in awarding respondent $400 per month support and maintenance, which will be reduced to $350 per month after 24 months and thereafter continue indefinitely. "The principles which the trial judge must apply in awarding alimony are few and necessarily general in nature. An

allowance for support must be made 'having regard for the circumstances of the respective parties.' (Civ. Code, § 139.) In making that award the trial court has a wide discretion. [Citation.] 'Circumstances' includes 'practically everything which has a legitimate bearing upon the present and prospective matters relating to the lives of both parties.' [Citation.] '[I]t refers to the needs of the parties and the abilities of the parties to meet such needs; and in measuring such circumstances, consideration should be given to property owned and obligations to be met as well as to ability to earn and actual earnings.' [Citation.]" (*Hall* v. *Hall,* 42 Cal.2d 435, 442 [267 P.2d 249].) Appellant is an executive at North American Aviation receiving $250 weekly take-home pay, and he has substantial separate assets. The evidence shows that respondent is 53 years of age, has a history of mental illness which will render it difficult if not impossible for her to obtain suitable employment, pays $125 per month for an apartment she shares with another woman, and requires regular treatment by a psychiatrist. In an equal division of community property, respondent received only household furnishings in her possession and less than $1,000 in cash; there was no evidence that she had available any separate funds or resources. Under the circumstances, it cannot be said that the court abused its discretion in finding that appellant was capable and able to pay $400, to be subsequently reduced to $350, per month for respondent's reasonable living expenses. (*Cameron* v. *Cameron,* 85 Cal.App.2d 22, 28-29 [192 P.2d 89].)

 Appellant finally contends that the decree which awards an interlocutory judgment of divorce to appellant and a decree of separate maintenance to respondent confers upon the parties remedies which are incompatible. The decree states: "It is ordered, adjudged and decreed that an interlocutory decree of divorce is granted to plaintiff and cross-defendant on his complaint and a decree of separate maintenance is awarded to the cross-complainant on her cross-complaint; that when one year shall have expired after the date of service of copy of summons and complaint upon the defendant and cross-complainant a final judgment dissolving the marriage between plaintiff and defendant be entered, and at that time the court shall grant such other and further relief as may be necessary to complete disposition of this action."

 We can only reiterate the earlier observations of this

court which hold that when one party, having grounds for divorce, elects to waive the right to a divorce in favor of separate maintenance, and the court determines that both parties are equally entitled to a divorce, it is proper for the party so requesting to be awarded permanent support and maintenance. "Respondent, having, as the court found, a cause of action for divorce against appellant, elected, perhaps because of personal or religious scruples, to prove the facts in support of a cross-complaint for separate maintenance. This she had a statutory right to do. And this right should not be circumscribed and limited by slavish adherence to a rule obtaining in a simple action for divorce where the fault of the defendant alone is in issue. Had defendant sued for divorce the court could, and no doubt would, have granted a divorce to both parties. . . ." (*Salvato* v. *Salvato*, 195 Cal.App.2d 869, 871-872 [16 Cal.Rptr. 263]; *Barton* v. *Barton*, 230 Cal.App.2d 43, 45 [40 Cal.Rptr. 676].)

 Where a decree of divorce and one of separate maintenance are awarded in the same action, there is fault on both sides and the blame is approximately equal, the conclusion of the trial judge is final. "We see no reason why . . . it should not be declared that in this case and on this record alimony could be granted to the wronged wife" who properly received a decree of separate maintenance. (*Salvato* v. *Salvato, supra,* at p. 872; *De Burgh* v. *De Burgh,* 39 Cal.2d 858 [250 P.2d 598].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.