[Civ. No. 25801.   First Dist., Div. One.   Aug. 5, 1969.]

JANE EVANS, Plaintiff and Respondent, v. SAMUEL E. EVANS, Defendant and Appellant.

Newman, Marsh & Furtado and Edward F. Newman for Defendant and Appellant.

Caldecott, Peck & Phillips and Thomas N. Stewart for Plaintiff and Respondent.

ELKINGTON, J. — Defendant. Samuel E. Evans has appealed from an order denying his motion to terminate support payments provided for in a separate maintenance decree obtained by respondent Jane Evans.

The issue before us is a question of law; there is no factual conflict.

The parties were married March 3, 1950. On May 29, 1964, Jane secured a default separate maintenance decree by which her husband Samuel was ordered to pay $175 each month for her support. A year later, on Samuel's motion, the amount was reduced to $75 per month. On November 29, 1966, Samuel filed a separate action against Jane for divorce based upon her alleged extreme cruelty. Jane, represented by counsel, generally denied the material allegations of the complaint and affirmatively pleaded the separate maintenance decree in her favor. Following a trial, interlocutory and final judgments of divorce, based on Jane's extreme cruelty, were entered in Samuel's favor. These judgments are now final. Neither made provision for Jane's support.

Following the entry of the final judgment of divorce on December 18, 1967, Samuel moved to terminate the support provision of Jane's separate maintenance decree. The court made an order denying the motion; it is from that order that the instant appeal was taken.

Jane's separate maintenance decree was, of course, res judicata as to the conduct of the parties prior to its entry. As the record before us does not contain the trial court's findings in the divorce action, we must assume that the judgments in

that case were based on Jane's extreme cruelty following the entry of the separate maintenance decree. ■ It is now settled law in California that a separate maintenance decree is not a bar to a subsequent action for divorce upon grounds of cruelty committed after the final separation of the parties. (*Griffith* v. *Griffith,* 129 Cal.App.2d 803, 809 [277 P.2d 850]; *Jenkins* v. *Jenkins,* 125 Cal.App.2d 109, 114 [269 P.2d 908].)

■ The question before us is whether the support provisions of .a decree of separate maintenance continue in effect even though the marriage is thereafter terminated by divorce.

■ In *Monroe* v. *Superior Court,* 28 Cal.2d 427, 429 [170 P.2d 473], it is stated: "The right to support arises out of the marriage relationship. (Civ. Code, § 155.) A separate maintenance decree does not end the marriage, and therefore does not end the obligation to support; it only regulates the extent of that support. . . . [ ¶ ] When a divorce has been granted and the marital relation has ceased to exist, the jurisdiction that the court had over matters of support is exhausted unless the court has reserved it in an authorized manner." ■ In the case at bench there was no such reservation as to Jane's support.

Other cases have discussed the nature of separate maintenance. ■ It "differs from alimony in that it presupposes a continuing marital status." (*DeYoung* v. *DeYoung,* 27 Cal.2d 521, 528 [165 P.2d 457], concurring opinion of Schauer, J.) ■ *Jenkins* v. *Jenkins,* 125 Cal.App.2d 109, 114 [269 P.2d 908], states: "The purpose of a suit for separate maintenance is to specifically enforce the general duty of the husband by directing certain definite payments to be made at regular intervals for the wife's support." ■ And in *Goetting* v. *Goetting,* 80 Cal.App. 363, 368 [252 P. 656], it is said: "A husband contracts toward his wife the obligation to furnish support (sec. 155, Civ. Code). This duty is a continuing one, upon which the action for separate maintenance is based, . . ." A husband does not contract to support his wife after termination of the marriage; such rights as the wife might have to post-marriage alimony or support are statute and court determined.

In *Smith* v. *Superior Court,* 136 Cal. 17, 18 [78 P. 100], the wife obtained an order for maintenance and the husband thereafter obtained a divorce. A new trial was granted in the divorce action and the question arose whether the divorce was final such as to relieve the husband from the duty to support under the prior separate maintenance decree. The court noted

that "It is conceded that a complete divorce will relieve petitioner from the judgment for alimony, because the plaintiff in the first suit would no longer be his wife."

*Chirgwin* v. *Chirgwin*, 26 Cal.App.2d 506, 508-509 [79 P.2d 772],[1] citing authorities, held: "The right to separate maintenance without applying for a divorce 'rests on the fact that the relation of husband and wife exists and a decree awarding such maintenance contemplates the existence of the marital relation not only when the decree is made but also during its life. It would seem to follow therefore, that if the wife or husband should thereafter bring an action for divorce, the decree in that action would be conclusive of the rights of the parties, and if it contained no provision for support, it would necessarily terminate the allowance therefor made in the action for separate maintenance.'"

*Douglas* v. *Douglas*, 164 Cal.App.2d 230 [330 P.2d 659], also concerned a husband's foreign divorce decree which followed a separate maintenance decree to the wife in California. The appellate court (p. 236) recited with approval the following language of the trial court's opinion: " 'The Nevada judgment, if valid, terminated eo instante the award of temporary maintenance herein. (*Chirgwin* v. *Chirgwin*, 26 Cal.App.2d 506 [79 P.2d 772]; 28 A.L.R.2d 1402; 42 C.J.S. 274.) Mrs. Douglas attacked the jurisdiction of the Nevada Court in that forum. She is thus foreclosed from attacking it here. (*Tomkins* v. *Tomkins*, 89 Cal.App.2d 243, 247-248 [200 P.2d 821], and state and federal cases there cited.) Additionally, as heretofore stated, the Nevada decree was found valid by a final order of this court on November 10, 1954. Accordingly, any recovery herein must be based on amounts accruing prior to June 10, 1949, the date of the Nevada judgment.' "

Respondent Jane Evans places much reliance on *Salvato* v. *Salvato*, 195 Cal.App.2d 869 [16 Cal.Rptr. 263], *Barton* v. *Barton*, 230 Cal.App.2d 43 [40 Cal.Rptr. 676], and *Rethorst* v. *Rethorst*, 261 Cal.App.2d 713 [68 Cal.Rptr. 263]. In each of these cases the husband sought a divorce while the wife, by complaint or cross-complaint asked for separate maintenance. In each, the court, finding that both parties had furnished grounds for divorce, granted the husband a divorce while entering a separate maintenance decree with a monthly support allowance to the wife. It is obvious that in each of these

[1]Disapproved in *Lewis* v. *Lewis*, 49 Cal.2d 389, 394 [317 P.2d 987], insofar as the subsequent divorce was obtained ex parte without personal jurisdiction over the defendant spouse.

cases the wife, although entitled to a divorce, declined such relief for moral or religious reasons. It is equally clear that the court, wishing to avoid the strict rule of Civil Code section 139, *Lampson* v. *Lampson,* 171 Cal. 332 [153 P. 238], and *In re McKenna,* 116 Cal.App. 232 [2 P.2d 429], denying alimony to a party against whom a divorce decree is granted, resorted to the fiction of a separate maintenance decree—thus doing equity and effecting substantial justice.

Resolving a dilemma, the court in *Salvato, supra,* 195 Cal. App.2d 869, stated (pp. 871-872) : ''We are persuaded that the rule in *Lampson* and *McKenna* ought not to be here applied. The action here was not a mere 'application for divorce.' Respondent having, as the court found, a cause of action for divorce against appellant, elected, perhaps because of personal or religious scruples, to prove the facts in support of a cross-complaint for separate maintenance. This she had a statutory right to do. And this right should not be circumscribed and limited by slavish adherence to a rule obtaining in a simple action for divorce where the fault of the defendant alone is in issue. Had defendant sued for divorce the court could, and no doubt would, have granted a divorce to both parties in order to escape from the rule declared in *Lampson* and *McKenna* and do justice. But is the rule so rigid that in a situation such as this record presents gross injustice must be done or a wronged wife must seek an unwanted divorce? We think not.''

In the exercise of their general equity powers the courts in *Salvato, Barton* and *Rethorst* had power to award support to the wife without the necessity of granting separate maintenance *and* divorce, remedies which are mutually exclusive in reason and by definition. For a discussion of such equitable power, see *Hudson* v. *Hudson,* 52 Cal.2d 735, 744 [344 P.2d 295] ; *Galland* v. *Galland,* 38 Cal. 265 ; 50 Cal.L.Rev. 353. In any event we do not consider that *Salvato, Barton* and *Rethorst* support a rule that a wife's previously granted separate maintenance decree continues in effect after a dissolution of the marriage by divorce. Here respondent Jane Evans was not without a remedy. She was permitted to resist her husband's divorce action, and failing in that, to seek an award of support by cross-complaint for divorce, or under the *Salvato, Barton, Rethorst* theory, or under the court's basic equitable powers.

The order is reversed.

Molinari, P. J., and Sims, J., concurred.